Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, AK 99503
Phone: (907) 263-8241
Fax: (907) 263-8320
E-mail: fap@hbplaw.net
ABA No. 7505032

Elliott D. Olson
Daniel W. Bir
SEDGWICK, DETERT, MORAN & ARNOLD LLP
801 South Figueroa Street, 18th Floor
Los Angeles, California 90017-5556
Telephone: (213) 426-6900
Facsimile: (213) 426-6921

Attorneys for Defendant Caterpillar Inc.
(erroneously served and sued as Caterpillar, Inc.)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NINILCHIK CHARTERS, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>CATERPILLAR, INC., a Delaware corporation,<br><br>        Defendant. | Case No. 3:04-cv-250 (TMB) |

**MOTION FOR SUMMARY JUDGMENT**
**BY DEFENDANT CATERPILLAR INC.**

I.

**INTRODUCTION AND RELIEF REQUESTED**

Plaintiff Ninilchik Charters, LLC ("Ninilchik"), alleges only tort causes of action against Caterpillar Inc. ("Caterpillar") for strict products liability, negligence, and breach of warranty, in connection with an alleged engine failure aboard a fishing vessel. Summary judgment should be granted in Caterpillar's favor on the grounds that no factual support exists to raise a triable issue of material fact as to the claims against this defendant.

Specifically, plaintiff's tort claims are barred under the economic loss doctrine. The gravamen of plaintiff's claim is that the starboard engine in their vessel, which was manufactured in 1984, failed as a result of alleged design and manufacturing defects. Plaintiff does not allege any personal injury or damage to other property as a result of the engine failure. Instead, plaintiff is seeking purely economic losses, including the cost of replacing the engine and lost revenue for the time period the vessel was out of service. Since these alleged losses are purely economic, plaintiff's tort causes of action or barred under the economic loss doctrine.

Moreover, given the undisputed fact that the applicable express warranty for the subject engine had long since expired and explicitly precludes the recovery sought by plaintiff, any independent claim for a breach of warranty, as based in contract, is also barred. As plaintiff thus cannot establish a triable issue of material fact as to the

proposed causes of action, summary judgment is proper as a matter of law.

## II.

## **PERTINENT FACTS**

A. **THE SUBJECT INCIDENT**

This litigation arises out of an alleged engine failure on a chartered fishing vessel, which is alleged to have occurred on August 10, 2002.[1] On this date, plaintiff, an Alaska business enterprise which provides fishing and hunting charters out of Seward, Kodiak, and the Kenai Peninsula, had booked the subject vessel with eleven customers for an all day fishing trip.[2] Shortly after the boat departed from Seward, the captain heard an uncommon ticking noise from the starboard engine and immediately shut down the engine.[3] The vessel then returned to the harbor under the power of the port engine without problems.[4] No personal injury or property damage occurred.[5] As a result of the

---

[1] Affidavit of Daniel W. Bir ("Bir Affid."), ¶¶ 2 & 3; Exhibit "A" (Plaintiff's First Amended Complaint) and Exhibit "B" (Plaintiff's Responses to Caterpillar's First Set of Special Interrogatories, No. 1).

[2] Bir Affid., ¶¶ 2 & 3, Exhibit "A" (Plaintiff's First Amended Complaint, ¶ 4) and Exhibit "B" (Plaintiff's Responses to Caterpillar's First Set of Special Interrogatories, No. 1).

[3] Bir Affid., ¶¶ 3 & 4, Exhibit "B" (Plaintiff's Responses to Caterpillar's First Set of Special Interrogatories, No. 1) and Exhibit "C" (Summer's Deposition, pp. 26:1 through 27:10 and 37:8-15).

[4] Bir Affid., ¶¶ 3 & 4, Exhibit "B" (Plaintiff's Responses to Caterpillar's First Set of Special Interrogatories, No. 1) and Exhibit "C" (Summer's Deposition, pp. 26:1 through 27:10 and 37:8-15).

alleged failure, plaintiff is seeking only the cost of replacing the engine and lost profits the business incurred during the replacement process.[6]

## B. THE SUBJECT CATERPILLAR MARINE ENGINE

The subject engine is a Caterpillar model 3208 marine engine, serial number 01Z06886.[7] The engine was manufactured in February of 1986 and shipped to Fabco Equipment Inc. in Green Bay, Wisconsin, on March 6, 1986.[8] Caterpillar issued a Limited Warranty applicable to the subject engine which warrants the engine to be free from defects in material and workmanship for twelve (12) months from the date of delivery to the first user.[9] By its express terms, Caterpillar's Limited Warranty excludes all implied warranties; specifically the implied warranties of merchantability or fitness for a particular purpose.[10] Moreover, the Warranty limits any available remedies to those of material and services and expressly precludes any recovery of consequential and

---

[5] Bir Affid., ¶¶ 3 & 4, Exhibit "B" (Plaintiff's Responses to Caterpillar's First Set of Special Interrogatories, No. 1) and Exhibit "C" (Summer's Deposition, pp. 26:1 through 27:10 and 37:8-15).

[6] Bir Affid., ¶¶ 2 & 5; Exhibit "A" (Plaintiff's First Amended Complaint, ¶ 12) and Exhibit "D" (Flores' Deposition, pp. 163:17 through 164:11).

[7] Affidavit of Steve A. Hanson ("Hanson Affid."), ¶ 2, Exhibit "E" (Engine Invoice and Shipping Order Data).

[8] Hanson Affid., ¶ 2, Exhibit "E" (Engine Invoice and Shipping Order Data).

[9] Hanson Affid., ¶ 3, Exhibit "F" (Caterpillar Limited Warranty).

[10] Hanson Affid., ¶ 3, Exhibit "F" (Caterpillar Limited Warranty).

incidental damages.[11]

### III.
### STANDARD OF REVIEW

In setting forth the standard for summary judgment, Federal *Rule of Civil Procedure* 56(c) provides that the moving party is entitled to judgment, as a matter of law, by demonstrating an absence of a genuine issue as to any material fact. A defendant meets this burden by showing that one or more essential elements of the plaintiff's claim cannot be established. In application of this standard, a defendant is not required to negate all elements of the claim; the negation of a single essential element is sufficient to satisfy the burden. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This negation is properly demonstrated by the absence of evidence to prove that requisite element. *Id.*

### IV.
### ARGUMENT

**C. PLAINTIFF'S TORT CAUSES OF ACTION ARE BARRED BY THE ECONOMIC LOSS DOCTRINE.**

Plaintiff's case is fundamentally flawed; there are no legal bases for plaintiff's tort causes of action. Where a plaintiff's damages consist solely of "economic losses," as opposed to personal injury or unrelated property damage, recovery based on strict

---

[11] Hanson Affid., ¶ 3, Exhibit "F" (Caterpillar Limited Warranty).

liability or negligence is precluded. *East River Steamship Corp. v. Transamerica Delaval Inc.,* 476 U.S. 858 (1986); *Pratt & Whitney Canada, Inc. v. Sheehan,* 852 P.2d 1173 (Alaska 1993). Economic losses include the cost of replacing and repairing the product itself and/or any lost use of the product. *East River, supra,* 476 U.S. at 861.

The rule against recovery of economic losses in tort was established as a boundary between tort and contract law. The rationale for the rule is that "[c]ontract law has been traditionally concerned with the fulfillment of reasonable economic expectations. Tort law, on the other hand, is concerned with the safety of products and the corresponding quantum of care required by a manufacturer." *Northern Power & Engineering Corp.,* 623 P.2d 324, 328 (Alaska 1991). Thus, where the plaintiff's only alleged harm is damage to the product itself, the proper remedy is in contract. Imposing strict liability for economic losses would unreasonably require a manufacturer to be the guarantor of a plaintiff's economic expectations for the product.

    1.    **Pursuant to Federal Admiralty Law, Which is Applicable to the Facts Presented, Plaintiff's Tort Causes of Action are Barred by the Economic Loss Doctrine.**

Federal district courts are granted jurisdiction over any civil case of admiralty or maritime jurisdiction. 28 U.S.C. § 1333(1). Such jurisdiction applies to any tort that poses a potential hazard to maritime commerce and arises out of an activity that bears a substantial relationship to traditional maritime activity. *Sisson v. Ruby,* 497 U.S. 358, 362 (1990). Admiralty jurisdiction thus exists whenever the activity at issue has a

Motion for Summary Judgment by Defendant Caterpillar Inc.
*Ninilchik Charters, LLC v Caterpillar Inc.*
Case No. 3:04-cv-250 (TMB)
(8367-2/244797)    Page 6 of 16

potential, though not necessarily an actual, effect on maritime commerce. *Id.* at 366-367. Moreover, admiralty jurisdiction is not limited to commercial maritime activity, but extends to all vessels on navigable waters. *Id.* at 363; *Yamaha Motor Corp. v. Calhoun,* 516 U.S. 199 (1996).

When admiralty jurisdiction exists, the substantive admiralty law applies. *East River, supra,* 476 U.S. at 864; *Employers Ins. of Wausau v. Suwannee River SPA Lines, Inc.,* 866 F. 2d 752, 759 (5th Cir. 1989). Although claims for breach of contract relating to the construction of a vessel are not considered admiralty claims, "tort claims for negligent construction or design of a vessel will lie in admiralty if the negligence constitutes a maritime tort." *Suwannee River, supra,* 866 F.2d at 759. Thus, admiralty law applies to strict products liability and negligence claims against manufacturers of component parts of a vessel or other product. *See East River, supra,* 476 U.S. 858 (applying admiralty law to claims against manufacturer of turbines installed in cargo ship); *Sea-Land Service, Inc. v. General Electric Co.,* 134 F.3d 149 (3rd Cir. 1998) (applying admiralty law to manufacturer of defective engines and connecting rod installed in boat); *Petroleum Helicopters, Inc. v. Avco Corp.,* 930 F.2d 389 (5th Cir. 1991) (applying admiralty law to claims against manufacturer of float for helicopter which landed and then sunk on high seas allegedly due to defective float).

Admiralty jurisdiction applies to plaintiff's product liability claims in this matter. The facts are undisputed; the product at issue is diesel marine engine which was installed

in a fishing vessel for use on navigable waters in Alaska. The plaintiff is Ninilchik Charters, LLC, a commercial enterprise in the business of conducting commercial fishing and hunting charters out of Seward, Kodiak, and the Kenai Peninsula. Plaintiff's product liability claims are based on alleged defects that purportedly caused the starboard engine to fail. Moreover, the alleged failure occurred while the subject vessel was at sea with paying customers aboard. Thus, plaintiff's claims meet the requirements for admiralty jurisdiction, namely, they bear a substantial relationship to a traditional maritime activity and a potential hazard to maritime commerce.[12]

Since admiralty jurisdiction applies here, plaintiff's tort claims are subject to the economic loss rule and analysis as set forth by the U.S. Supreme Court in *East River, supra.* In *East River,* the U.S. Supreme Court held that when a product damages only itself, and not persons or other property, the proper remedy is in contract, not tort. 476 U.S. at 871-872. Under this bright line rule, when the only damage alleged is to the allegedly defective product itself, the plaintiff is precluded from suing in tort. The U.S. Supreme Court in *East River* reasoned that, in an action involving only damage to the product itself, "the injury suffered--the failure of the product to function properly--is the essence of a warranty action, through which a contracting party can seek to recoup the benefit of its bargain." 476 U.S. at 868. Thus, "[e]ven when the harm to the product

---

[12] Plaintiff may argue that Caterpillar designed and built its engines on land, and thus, its claim is not within the Courts maritime jurisdiction. However, maritime jurisdiction applies "not to where the wrongful act or omission occurred, but at a place where it became operative, i.e., the place of injury." *Roberts v. United States,* 498 F.2d 520, 523, n.3 (9th Cir. 1974).

occurs through an abrupt, accident-like event, the resulting loss due to repair costs, decreased value, and lost profits is essentially the failure of the purchaser to receive the benefit of its bargain – traditionally the core of contract law." *Id.* at 870. To extend product liability to allow for a recovery of such economic losses, would, in the Court's view, effectively drown "contract law … in a sea of tort." *Id.* at 866.

Under the holding and precedent of *East River,* this Court should grant summary judgment against plaintiff on their product liability causes of action, which are the only claims asserted against this defendant. Plaintiff's losses are purely economic, as it seeks only recovery for the cost of replacing the engine and lost profits. As such, Caterpillar owed no duty in tort to protect plaintiff from these losses. Plaintiff's rights, if any, must instead be determine under warranty law.

### 2. **Alaska Product Liability Law Also Precludes Plaintiff's Product Liability Claims for Economic Losses.**

In the event the Court remains un-persuaded that admiralty law applies, Alaska state law also bars tort recovery for economic losses under the facts presented. *Northern Power, supra,* 623 P.2d 324; *Kodiak Electric Association, Inc. v. Deleval Turbine, Inc.,* 694 P.2d 150 (1985); and *Pratt & Whitney, supra,* 852 P.2d 1173. Specifically, Alaska law provides that, absent precise circumstances, the theory of strict liability in tort does not extend to the consumer who suffers only economic loss because of defective goods. *Id.* at 1176-1177.

The Alaska Supreme Court has held that when a defective product creates a

situation potentially dangerous to persons or other property, and loss occurs as a result of that danger, strict liability in tort can be appropriate. *Northern Power, supra,* 623 P.2d at 329. In order to recover on such a theory, plaintiff must show (1) that the loss was a proximate result of the dangerous defect and (2) that the loss occurred under the kind of circumstances that made the product a basis for strict liability. *Id.* It is important to note, however, that the Alaska Supreme Court has emphasized:

> **The requirement that the loss occur under dangerous circumstances is necessary because, in our view, allowing recovery solely on proof that a defect *could* endanger persons or property is too speculative.**

*Id.* at 329, n.11 (Emphasis Added). By focusing on consumer safety – through a test that hinges on the ***danger*** presented by a defective product – Alaska law remains faithful to the distinction between contract law and tort law. *Pratt & Whitney, supra,* 852 P.2d at 1178.

Illustrating this analysis is the case of *Northern Power, supra.* In *Northern Power,* a diesel engine powering an electrical generator failed and plaintiff brought suit for the cost of repairing the engine. The engine apparently sustained damage as a result of a defective low oil pressure shutdown mechanism which failed to operate properly after an oil leak occurred. As a result of the engine running without sufficient oil, the engine overheated and seized. The Court stressed that "[t]here was no evidence in the record that such a defect presented a danger to persons or other property and no evidence of ***violence, fire, collision with external objects, or other calamity*** as a result of this failure.

The engine apparently just stopped operating." *Northern Power, supra,* 623 P.2d at 329-330 [Emphasis Added]. Under the Court's guidelines, this loss was purely economic.

In this case, the Supreme Court's analysis requires the conclusion that plaintiff's alleged losses are purely economic, and remediable only under warranty law. Plaintiff claims that, as the vessel was departing for a routine charter, a ticking sound in the engine was noticed, the engine was shut down, and the boat returned to port. Plaintiff has not identified any sudden or calamitous event, nor has it alleged any injury to any person or other property. Furthermore, plaintiff is a commercial party with extensive experience in the fishing charter industry and thus has great bargaining power. If, when plaintiff purchased the vessel it was concerned about any component or operating characteristic of the boat, it had the power to negotiate a warranty or insurance policy with the seller at that time. Plaintiff, however, neglected to do so. As such, in the utter absence of any dangerous condition presented by the undisputed facts, as affirmed by the evidence, no triable issue of material fact can be found.

**D.    ANY CLAIM FOR BREACH OF WARRANTY IS BARRED.**

Breach of warranty, assuming such is being asserted, is essentially a breach of contract and it is axiomatic that to sue for breach of contract, a plaintiff must first allege and prove that a contract existed between the parties. Plaintiff has not provided any specific contract or warranty information in this matter. In fact, plaintiff has admitted at deposition that there was no warranty applicable to the subject engine when he purchased

the vessel.[13]

### 1. Caterpillar's Warranty Excludes All Implied Warranties.

Assuming arguendo, that a contract or warranty existed, and plaintiff is asserting a breach of warranty claim, AS 45.02.316(b) allows a seller of goods to exclude or modify any implied warranties of merchantability and fitness for a particular purpose. To do so, AS 45.02.316(b) provides that: "to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous." Caterpillar has complied with this statutory mandate and has properly excluded all implied warranties pursuant to AS 45.02.316(b). The Limited Warranty applicable to the subject engine explicitly provides:

> **THIS WARRANTY IS EXPRESSLY IN LIEU OF ANY OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. REMEDIES UNDER THIS WARRANTY ARE LIMITED TO THE PROVISION OF MATERIAL AND SERVICES, AS SPECIFIED HEREIN. CATERPILLAR IS NOT RESPONSIBLE FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES.**[14]

This disclaimer meets the requirements of AS 45.02.316(b); it is conspicuous and

---

[13] Bir Affid., ¶ 5; Exhibit "D" (Flores' Deposition, pp. 65:9 through 66:2).

[14] Hanson Affid., ¶ 3, Exhibit "F" (Caterpillar Limited Warranty).

expressly mentions the implied warranties of merchantability and fitness for a particular purpose. Therefore, as a matter of law, even if privity of contract did exist between plaintiff and Caterpillar to support a breach of implied warranty claim, Caterpillar's Limited Warranty is sufficient to exclude all such warranties and further precludes any recovery for all consequential and incidental damages, such as the replacement costs and lost profits asserted here.

    **2.**    **<u>Caterpillar's Warranty Precludes Any Claim Based on Express Warranty.</u>**

Any claim based on the Limited Warranty provided by Caterpillar with respect to the subject engine is precluded because it simply was not in effect at the time of this occurrence. Caterpillar warrants the engine to be free from defects in material and workmanship for 12 months from the date of delivery to the first user, which in this instance was on **March 6, 1986.**[15] The alleged engine failure occurred on August 10, 2002, well past the 12 month period the limited warranty was in effect.[16] Plaintiff thus cannot demonstrate the existence of a triable issue of material fact with respect to the application of the warranty, when it had long expired as of the day of the incident.

Even assuming for purposes of argument that the Limited Warranty was in effect, plaintiff's claim is without merit. The Limited Warranty, even if applicable, by its very

---

[15] Hanson Affid., ¶ 3, Exhibit "F" (Caterpillar Limited Warranty).

[16] Bir Affid., ¶¶ 2 & 3, Exhibit "A" (Plaintiff's First Amended Complaint) and Exhibit "B" (Plaintiff's Responses to Caterpillar's First Set of Special Interrogatories, No. 1); and Hanson Affid., ¶ 3, Exhibit "F" (Caterpillar Limited Warranty).

Motion for Summary Judgment by Defendant Caterpillar Inc.
*Ninilchik Charters, LLC v Caterpillar Inc.*
Case No. 3:04-cv-250 (TMB)
(8367-2/244797)        Page 13 of 16

terms is limited to the repair or replacement of the components that failed.[17] The Limited Warranty expressly provides that Caterpillar will, "[i]f a defect in material or workmanship is found during the warranty period ... [p]rovide (at Caterpillar's choice) New, or MCE, Remanufactured or Caterpillar approved repaired parts and/or components ... needed to correct the defect."[18] The Limited Warranty specifically disclaims any liability for consequential or incidental damages, as noted above, stating explicitly: **"CATERPILLAR IS NOT RESPONSIBLE FOR INCIDENTAL OR CONSEQUENTIAL DAMAGE."**[19]

The limitation of a buyer's remedy to repair or replacement of defective components is expressly authorized under AS 45.02.719. This section also authorizes the disclaimer of consequential and incidental damages. Therefore, even if plaintiff could demonstrate the existence of a defective component, as a matter of law, they are precluded from recovery for the damages sought (i.e., replacement cost and lost profits), as they are not encompassed within the warranty provisions which are specific and which limit recovery to Caterpillar's choice of the cost of repairing or replacing the allegedly defective component.

---

[17] Hanson Affid., ¶ 3, Exhibit "F" (Caterpillar Limited Warranty).

[18] Hanson Affid., ¶ 3, Exhibit "F" (Caterpillar Limited Warranty).

[19] Hanson Affid., ¶ 3, Exhibit "F" (Caterpillar Limited Warranty).

# V.

## **CONCLUSION**

The law is clear and the facts are undisputed. Plaintiff's claims are entirely based in tort and plaintiff is seeking purely economic losses, including the cost of replacing the engine and lost revenue for the period the vessel was out of service. Since these alleged losses are purely economic, plaintiff's tort causes of action or barred under the economic loss doctrine. Moreover, it cannot be disputed that the applicable express warranty for the subject engine had long since expired and explicitly precludes the specific recovery sought by plaintiff. From a factual, legal, and equitable standpoint, no proper grounds exist to hold this defendant liable, and, as such, this Court must grant summary judgment in favor of defendant Caterpillar Inc.

DATED at Anchorage, Alaska, this 7th day of April, 2006.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
Attorneys for Defendant Caterpillar Inc.

By:  s/ Frank A. Pfiffner
Frank A. Pfiffner
3900 C Street, Suite 1001
Anchorage, AK  99503
Phone: (907) 263-8241
Fax: (907) 263-8320
E-mail: fap@hbplaw.net
ABA No. 7505032

<u>Certificate of Service</u>

   I hereby certify that on April 7, 2006, a copy of the foregoing Motion for Summary Judgment by Defendant Caterpillar Inc. was served electronically on:

Leonard R. Anderson
Davis, Randall, Anderson, & Mathis, PC
405 W. 36th Avenue, Suite 200
Anchorage, AK 99503-5872


<u>s/ Frank A. Pfiffner</u>

Motion for Summary Judgment by Defendant Caterpillar Inc.
*Ninilchik Charters, LLC v Caterpillar Inc.*
Case No. 3:04-cv-250 (TMB)
(8367-2/244797)   Page 16 of 16