Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, AK 99503
Phone: (907) 263-8241
Fax: (907) 263-8320
E-mail: fap@hbplaw.net
ABA No. 7505032

Elliott D. Olson
Daniel W. Bir
SEDGWICK, DETERT, MORAN & ARNOLD LLP
801 South Figueroa Street, 18th Floor
Los Angeles, California 90017-5556
Telephone: (213) 426-6900
Facsimile: (213) 426-6921

Attorneys for Defendant Caterpillar Inc.
(erroneously served and sued as Caterpillar, Inc.)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NINILCHIK CHARTERS, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>CATERPILLAR, INC., a Delaware corporation,<br><br>        Defendant. | Case No. 3:04-cv-250 (TMB) |

**PROPOSED ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT
<u>BY DEFENDANT CATERPILLAR INC.</u>**

After consideration of the Memorandum of Points and Authorities, admissible evidence submitted, and all other documents and pleadings offered in support and opposition to the Motion for Summary Judgment by defendant Caterpillar Inc., this Court finds that there is no triable issue of material fact as to the causes of action to the Complaint of plaintiff Ninilchik Charters, LLC, against Caterpillar. Defendant Caterpillar Inc. is therefore entitled to summary judgment as a matter of law.

This ruling is made on the grounds that the evidence submitted demonstrates that plaintiff's tort claims are barred under the economic loss doctrine. The gravamen of plaintiff's claim is that the starboard engine in their vessel, which was manufactured in 1984, failed as a result of alleged design and manufacturing defects. Plaintiff does not allege any personal injury or damage to other property as a result of the engine failure. Instead, plaintiff is seeking purely economic losses, including the cost of replacing the engine and lost revenue for the time period the vessel was out of service. Since these alleged losses are purely economic, plaintiff's tort causes of action or barred under the economic loss doctrine, pursuant to both applicable Admiralty and Alaska law.

This ruling is made on the further grounds that the evidence submitted demonstrates that the applicable express warranty for the subject engine had long since expired and explicitly precludes the recovery sought by plaintiff, and thus any independent claim for a breach of warranty, as based in contract, is also barred. Specifically, the Court cites to the Affidavit of Steve A. Hanson in support of its finding

that plaintiff has not and cannot establish a triable issue of material fact as to the basic and essential elements to their causes of action.

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment by Caterpillar Inc. is **GRANTED** and that Judgment shall be entered forthwith in favor of Defendant Caterpillar Inc. and against plaintiff.

DATED at Anchorage, Alaska, this ___ day of _____, 2006.

_____
Timothy M. Burgess
Judge of the U.S. District Court

## Certificate of Service

  I hereby certify that on April 7, 2006, a copy of the foregoing Proposed Order Granting Motion for Summary Judgment by Defendant Caterpillar Inc. was served electronically on:

Leonard R. Anderson
Davis, Randall, Anderson, & Mathis, PC
405 W. 36th Avenue, Suite 200
Anchorage, AK 99503-5872


s/ Frank A. Pfiffner_____

Proposed Order Granting Motion for Summary Judgment by Defendant Caterpillar Inc.
*Ninilchik Charters, LLC v Caterpillar Inc.*
Case No. 3:04-cv-250 (TMB)
(8367-2/244806)  Page 4 of 4