Leonard R. Anderson
Davis & Davis, P.C.
405 W. 36th Avenue, Suite 200
Anchorage, Alaska 99503
Phone 561-4420
Facsimile 562-7888

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

NINILCHIK CHARTERS, LLC,          )
                                  )
                Plaintiff,        )
                                  )
vs.                               )
                                  )
CATERPILLAR, INC., a Delaware     )
Corporation,                      )
                                  )
                Defendant.        )   Case No. A04-250 CV (JKS)
_____ )

DAVIS & DAVIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

### PLAINTIFF'S RESPONSES TO DEFENDANT CATERPILLAR, INC.'S FIRST SET OF SPECIAL INTERROGATORIES TO PLAINTIFF NINILCHIK CHARTERS, LLC

Plaintiff, Ninilchik Charters, LLC, hereby submits its responses to defendant Caterpillar, Inc.'s First Set of Special Interrogatories as follows:

**INTERROGATORY NO. 1:**  With regard to the **INCIDENT**, please:

(a)     State the date(s) on which the **INCIDENT** occurred;

(b)     State the time of day the **INCIDENT** occurred;

(c)     State the location where the **INCIDENT** occurred;

(d)     Describe in detail how **YOU** claim the **INCIDENT** occurred;

(e)     Identify by name, address, and telephone number each person with knowledge concerning the **INCIDENT**;

(f)     Describe each and every document which pertains to the **INCIDENT**;

(g)     Identify by name, address, and telephone number the custodian of each and every document which pertains to the **INCIDENT**;

(h)     Identify by name, address, and telephone number each person who participated in any investigation of the **INCIDENT**; and

(i)     Describe each and every document which relates to any investigation of the **INCIDENT**.

**ANSWER:**

(a)     August 10, 2002.

(b)     Approximately 7:15 a.m.

(c)     Resurrection Bay, Alaska.

(d)     The vessel was booked with eleven clients for an all day charter fishing trip.  The engines on the vessel were warmed up before starting off on the charter.  The charter left the Seward, Alaska harbor early in the morning.  While in Resurrection Bay, the captain heard a clicking noise which got louder immediately.  The engine, which

**DAVIS & DAVIS, P.C.**
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-6872
(907) 561-4420

had been running at 2250 RPM, was shut down and the vessel returned to the harbor under the power of the port engine.

(e)    Michael Flores, c/o Davis & Davis, P.C.; (2) Eldon Summers, current address and phone number unknown; and (3) Seth Price, current address and phone number unknown.

(f)    Plaintiff is not aware of any documents other than those documents already produced as part of its initial disclosures.

(g)    Michael Flores, c/o Davis & Davis, P.C.

(h)    Michael Flores, c/o Davis & Davis, P.C. and Robert Wilkie, Wilkie's Heavy Equipment Repair & Parts, 8820 King St., Anchorage, AK 99515, (907) 344-9595.

(i)    None.

The engine came with the boat. It had been rebuilt by Caterpillar in Seattle. My attorney has this documentation.


**INTERROGATORY NO. 2:** With respect to the **ENGINE**, please state:

(a)    Its make;

(b)    Its model number;

(c)    Its serial number;

(d)    When it was purchased or otherwise acquired by **YOU**;

(e)    The name, address, and telephone number of the person or entity from whom it was purchased or otherwise acquired; and

(f)    Whether it was purchased or otherwise acquired in a new, remanufactured, or used condition.

**DAVIS & DAVIS, P.C.**
405 W. 36ᵗʰ AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

**ANSWER:**

(a)    Caterpillar.

(b)    3208 TA

(c)    1Z06986.

(d)    May 1, 2002.

(e)    Dustin Clark, current address and phone number is unknown.

(f)    The engine came with the vessel.  Plaintiff understands the engine was rebuilt by the Caterpillar dealer in Seattle, Washington, NC Machine, and it had approximately 400 hours on the rebuild when it failed.


**INTERROGATORY NO. 3:**  With respect to any service, maintenance, or repairs performed to the **ENGINE** during the twenty-four months before the **INCIDENT**, please state:

(a)    The names, addresses, and telephone numbers of **YOUR** employees who were responsible for the **ENGINE'S** service, maintenance, or repairs during the twenty-four (24) months before the **INCIDENT**;

(b)    The names, addresses, and telephone numbers of any and all outside contractors who performed any service, maintenance, or repairs to the **ENGINE** during the twenty-four (24) months before the accident;

**DAVIS & DAVIS, P.C.**
405 W. 36ᵗʰ AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

(c)    The names, addresses, and telephone numbers of the custodians of any records concerning service, maintenance, or repairs to the **ENGINE**;

(d)    The dates on which any repairs, service, and/or maintenance were performed to the **ENGINE**; and

(e)    A description of any repairs, service, and/or maintenance performed to the **ENGINE**.

**ANSWER:**

(a)    Mike Flores, c/o Davis & Davis, P.C., from May 1, 2002 until the date of the Incident.

(b)    NC Machine/Power Systems in Seattle, Washington, address and phone number unknown, and Mike Flores, as of May 1, 2002, c/o Davis & Davis, P.C.

(c)    Mike Flores, c/o Davis & Davis, P.C., from May 1, 2002 to the present; NC Machine/Power Systems, Seattle, Washington; Dustin Clark, former owner of the vessel and engine, address and phone number unknown.

(d)    This information, from May 1, 2002, is contained on the ship's log which was produced with the Plaintiff's initial disclosures. Any other information responsive to this request is in the possession of NC Machine/Power Systems, Seattle, Washington, or Dustin Clark.

(f)    See response to above to Interrogatory 3.(d).

**INTERROGATORY NO. 4:**  If the **ENGINE** was overhauled at any time before the **INCIDENT**, please state:

(a)    When the **ENGINE** was overhauled;

**DAVIS & DAVIS, P.C.**
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

(b)    The name, addresses, and telephone number of each and every person who participated in overhauling the **ENGINE**

(c)    All reasons why the **ENGINE** was overhauled;

(d)    A description of all work done to overhaul the **ENGINE;**

(e)    A list of all parts used in overhauling the **ENGINE;**

(f)    The names, addresses, and telephone numbers of the persons or entities from whom **YOU** acquired each of the parts used in overhauling the **ENGINE;**

(g)    Whether each of the parts used in overhauling the **ENGINE** was purchased new, remanufactured, or used.

**ANSWER**:

(a)    Plaintiff understands that the engine was overhauled by NC Machine in Seattle, Washington, but Plaintiff does not have the information responsive to this request.

(b)    See answer to Interrogatory No. 4.(a).

(c)    Plaintiff understands that the engine was overhauled after the vessel it was on sank.

(d)    See answer to Interrogatory No. 4.(a).

(e)    See answer to Interrogatory No. 4.(a).

(f)    See answer to Interrogatory No. 4.(a).

(g)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, see answer to Interrogatory No. 4.(a).

**DAVIS & DAVIS, P.C.**
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

**INTERROGATORY NO. 5:** If any modifications, alterations, and/or changes were made to the **ENGINE** at any time before the **INCIDENT**, please state:

(a)    The name, address, and telephone number of each and every person and/or entity who made any modifications, alterations, and/or changes to the **ENGINE;**

(b)    The dates on which all such modifications, alterations, and/or changes were made to the **ENGINE;**

(c)    A description of all modifications, alterations, and/or changes made to he **ENGINE**; and

(d)    A description of all reasons why the modifications, alterations, and/or changes were made to the **ENGINE.**

**ANSWER:**

(a)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, plaintiff is not aware of any modifications, alterations and/or changes to the engine.

(b)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, see answer to Interrogatory 5.(a).

(c)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure

DAVIS & DAVIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, see answer to Interrogatory 5.(a).

(d)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, see answer to Interrogatory 5.(a).

**INTERROGATORY NO. 6:**  If **YOU** contend any of the damages alleged in **YOUR COMPLAINT** were caused by a design defect in the **ENGINE**, please:

(a)    Identify each portion or component part of the **ENGINE YOU** contend was defectively designed;

(b)    Describe each and every design defect in the **ENGINE** which **YOU** contend caused or contributed to the damages alleged in **YOUR COMPLAINT**;

(c)    State all facts which support **YOUR** contention that an alleged design defect or defects in the **ENGINE** caused or contributed to the damages alleged in **YOUR COMPLAINT**;

(d)    Identify all documents and/or physical evidence supporting **YOUR** contention that an alleged design defect or defects in the ENGINE caused or contributed to the damages alleged in **YOUR COMPLAINT**; and

(e)    Identify all persons by name, address, and telephone number with knowledge of any facts supporting **YOUR** contention that an alleged design defect or defects in the **ENGINE** caused or contributed to the damages alleged in **YOUR COMPLAINT**.

DAVIS & DAVIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

**ANSWER**:

(a)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, plaintiff believes that the timing advance gear, cam and gear dampers, the crank, as well as the engine block may have been defectively designed.

(b)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, plaintiff believes that the timing advance gear and cam and gear dampers were defectively designed allowing the engine to get out of balance. Plaintive also believes that the block and other engine components were not designed for the higher horse power utilized in the engine at issue in this case.

(c)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, plaintiff is aware of other individuals who experienced had many failures with the higher horse power 3208 motors and the failures occurred in the same area of the motor.

(d)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, the blocks of the failed engines of which the plaintiff is aware all cracked in the same general area. In addition, the higher horse power 3208 engines have had repeated timing advance gear failures. Additional documents and information supporting plaintiff's contention are in the possession of Salt Water Safari, the Seward Alaska Military Recreational Center and Dustin Clark.

(g)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving

DAVIS & DAVIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

the same: 1. NC Power Systems, Alaska (6450 Artic Blvd., Anchorage, AK 786-7500) and Washington, address and phone unknown; 2. Caterpillar, Inc.; 3. Saltwater Safari Company, Seward, AK (907) 224-5232; 4. Seward, Alaska Military Recreational Center, address and phone unknown; 5. Wilkie's Heavy Equipment Repair & Parts, 8820 King St., Anchorage, AK  344-9595; 6. Dustin Clark, address and phone unknown; 7. Mike Flores c/o Davis & Davis, P.C.

**INTERROGATORY NO. 7:**  If **YOU** contend any of the damages alleged in YOUR COMPLAINT were caused by a manufacturing defect in any **ENGINE**, please:

(a)   Identify each portion or component part of the **ENGINE YOU** contend was defectively manufactured;

(b)   Describe in detail each and every manufacturing defect in the **ENGINE** which **YOU** contend caused or contributed to the damages alleged in **YOUR COMPLAINT**;

(c)   State all facts which support **YOUR** contention that an alleged manufacturing defect or defects in the **ENGINE** caused or contributed to the damages alleged in **YOUR COMPLAINT**;

(d)   Identify all documents and/or physical evidence supporting **YOUR** contention that an alleged manufacturing defect or defects in the **ENGINE** caused or contributed to the damages alleged in **YOUR COMPLAINT**; and

(e)   Identify all persons by name, address, and telephone number with knowledge of any facts supporting **YOUR** contention that an alleged manufacturing defect or defects in the **ENGINE** caused or contributed to the damages alleged in **YOUR COMPLAINT**.

DAVIS & DAVIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

**ANSWER:**

a)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, plaintiff believes that the block may have been defectively manufactured as the depth of the main journal holes may have been incorrect. Other manufacturing defects may exist of which plaintiff is not aware at this time.

(b)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, see answer to Interrogatory 7.(a).

(c)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, a similar defect was found to cause the failure of other 3208 motors.

(d)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, documents and evidence is in the possession of Salt Water Safari Company and the Seward, Alaska Military Recreational Center.

(e)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same,  see answer to Interrogatory No. 7.(d).

DAVIS & DAVIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

**INTERROGATORY NO. 8:**  If **YOU** contend that the damages alleged in **YOUR COMPLAINT** were caused, either in whole or in part, by a breach of warranty by **CATERPILLAR**, please:

(a)    Identify each and every warranty **YOU** contend was breached by **CATERPILLAR**;

(b)    Describe in detail the manner in which each such warranty was allegedly created;

(c)    Describe the date on which each such warranty was allegedly created;

(d)    State the name, address, and telephone number of each and every person with knowledge of facts concerning the creation of each warranty allegedly breached by **CATERPILLAR**;

(e)    State the date or dates on which **YOU** contend **CATERPILLAR** breached each such warranty;

(f)    State all facts supporting **YOUR** contention that **CATERPILLAR** breached each such warranty;

(g)    State the name, address, and telephone number of each and every person with knowledge of facts which support **YOUR** contention that **CATERPILLAR** breached each such warranty; and

**DAVIS & DAVIS, P.C.**
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

(h)    Identify with sufficient detail each and every document or other physical evidence which supports **YOUR** contention that **CATERPILLAR** breached each such warranty.

**ANSWER:**

(a)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, plaintiff is still determining whether or not a warranty applies in this matter.

(b)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, see answer to Interrogatory No. 8.(a).

(c)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, see answer to Interrogatory No. 8.(a).

(d)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, see answer to Interrogatory No. 8.(a).

(e)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, see answer to Interrogatory No. 8.(a).

(f)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff

DAVIS & DAVIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

without the parties' agreement or court order.  See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, see answer to Interrogatory No. 8.(a).

(g)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order.  See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, see answer to Interrogatory No. 8.(a).

(h)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order.  See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, see answer to Interrogatory No. 8.(a).

**INTERROGATORY NO. 9:**  If **YOU** contend that a failure on the part of **CATERPILLAR,** to provide an adequate warning as to some danger associated with the **ENGINE**, caused or contributed to the **INCIDENT**, please:

(a)    Describe with specificity each danger associated with the **ENGINE** for which **YOU** contend **CATERPILLAR** should have provided a warning.

(b)    Describe in detail the manner in which you allege **CATERPILLAR** to have caused or contributed to the **INCIDENT** in failing to provide an adequate warning as to some danger associated with the **ENGINE**.

(c)    Set forth the specific warnings which **YOU** contend should have been provided for the **ENGINE** for which you contend **CATERPILLAR** to have failed to provide an adequate warning as to some associated danger.

**ANSWER:**

**DAVIS & DAVIS, P.C.**
405 W. 36ᵗʰ AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

(a)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. <u>See</u> Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, (1) the 3208 high horse power engine could fail and individuals in the area of the motor could suffer substantial harm if it failed; and (2) the 3208 high horse power engine had a propensity to become out of balance potentially causing the engine to fail.

(b)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. <u>See</u> Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, Caterpillar was aware of previous 3208 high horse power engine failures yet failed to provide and warning to the public about the problems.

(c)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. <u>See</u> Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, (1) that serious injury could occur to anyone around the motor if it failed; (2) that timing advance gear should be regularly checked and calibrated to avoid an engine failure from being out of balance; and (3) that the high horse power 3208 engine could fail due to being out of balance.

**INTERROGATORY NO. 10:**    If **YOU** contend that acts or omissions by **CATERPILLAR** contributed to the **INCIDENT**, please:

(a)    Identify with specificity each and every act or omission on the part of **CATERPILLAR** which **YOU** contend to have caused or contributed to the **INCIDENT**.

(b)    State all facts upon which **YOU** base this contention;

**DAVIS & DAVIS, P.C.**
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

(c)     State the name, address, and telephone number of each and every person with knowledge of facts that support **YOUR** contention that acts or omissions by **CATERPILLAR** contributed to the **INCIDENT**; and

(d)     Identify with sufficient detail each and every document or other physical evidence which supports any contention that acts or omissions by **CATERPILLAR** caused or contributed to the **INCIDENT**.

**ANSWER:**

(a)     Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order.  See Federal Rules of Civil Procedure 33(a).  Defendant has exceeded this limit.  Subject to this objection and without waiving the same, see the Complaint.  In addition, Caterpillar knew that problems and or defects existed with the high horse power 3208 engines yet it failed to remedy the problem despite many engine failures.  Caterpillar also failed to notify the owners of these engines of the problems thereby subjecting owners to damages for injuries suffered in a catastrophic failure of an engine in addition to the cost of repair and lost use of the engine and vessel.

(b)     Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order.  See Federal Rules of Civil Procedure 33(a).  Defendant has exceeded this limit.  Subject to this objection and without waiving the same, see the Complaint and answer to Interrogatory No. 10.(a), among others.

(c)     Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order.  See Federal Rules of Civil Procedure 33(a).  Defendant has exceeded this limit.  Subject to this objection and without waiving the same, documents and evidence supporting plaintiff's contention have either been produced, described above or are in the possession of the following:  (1) NC Power Systems, Alaska and Washington; (2) Caterpillar, Inc.; (3) Saltwater Safari Company; (4) Seward Alaska Military Recreational Center; (5) Wilkie's Heavy Equipment Repair & Parts; and  (6) Dustin Clark.

**DAVIS & DAVIS, P.C.**
405 W. 36ᵗʰ AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

**INTERROGATORY NUMBER 11:**  If any person has examined, tested or inspected the **ENGINE** since the **INCIDENT**, please state:

(a)    The name, address, telephone number, and occupation of each person who examined, tested or inspected the **ENGINE**;

(b)    The identity of any and all documents concerning any examination, test or inspection of the **ENGINE**; and

(c)    The dates of any and all inspections of the **ENGINE**.

**ANSWER:**

(a)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, Mike Flores, c/o Davis & Davis, P.C, and plaintiff believes Bob Wilkie, Wilkie's Heavy Equipment Repair & Parts, 8820 King St., Anchorage, AK  344-9595, have examined the engine.

(b)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, plaintiff is not aware of any documents responsive to this interrogatory.

(c)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, plaintiff does not recall the dates.

**DAVIS & DAVIS, P.C.**
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

**INTERROGATORY NO. 12:**  If YOU contend that any person and/or entity other than **CATERPILLAR** is responsible for any of the damages alleged in **YOUR COMPLAINT**, please:

(a)    Identify by name, address and telephone number the persons and/or entities **YOU** claim re responsible for the damages alleged in **YOUR COMPLAINT**.

(b)    State why **YOU** believe each such person and/or entity is responsible for the damages alleged in **YOUR COMPLAINT**.

(c)    State each and every fact upon which **YOU** base **YOUR** contention that each such person and/or entity is responsible for the damages alleged in **YOUR COMPLAINT**.

(d)    Identify by name, address and telephone number all persons with knowledge of the facts supporting **YOUR** contention.

(e)    Identify all documents and physical evidence which supports **YOUR** contention.

**ANSWER:** Plaintiff objects to these interrogatories since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order.  See Federal Rules of Civil Procedure 33(a).  Defendant has exceeded this limit.  Subject to this objection and without waiving the same, plaintiff is not aware of any entity other than Caterpillar.

**INTERROGATORY NO. 13:**  With respect to the damages **YOU** are claiming in this action, please:

(a)    State the total amount of damages **YOU** are claming;

DAVIS & DAVIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF SPECIAL INTERROGATORIES TO PLAINTIFF

(b)    Describe in detail and state the corresponding amount of each type of damage **YOU** are claiming as a result of the **INCIDENT**;

(c)    Identify each and every document that supports any of the damages **YOU** are claiming in this action.

(d)    State the name, address, and telephone number of each and every person with knowledge of facts supporting any of the damages **YOU** are claiming in this action.

### ANSWER:

(a)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, approximately $75,000.

(b)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, please clarify what defendant is seeking and plaintiff will supplement its response.

(c)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, plaintiff provided all documents in its possession with its initial disclosures. Plaintiff believes additional documents exist and will be seeking the same in discovery.

(d)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving

**DAVIS & DAVIS, P.C.**
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

the same, 1. NC Power Systems, Alaska (6450 Artic Blvd., Anchorage, AK 786-7500) and Washington, address and phone unknown; 2. Caterpillar, Inc.; 3. Saltwater Safari Company, Seward, AK (907) 224-5232; 4. Seward, Alaska Military Recreational Center, address and phone unknown; 5. Wilkie's Heavy Equipment Repair & Parts, 8820 King St., Anchorage, AK 344-9595; 6. Dustin Clark, address and phone unknown; 7. Mike Flores c/o Davis & Davis, P.C.

**INTERROGATORY NO. 14:** With respect to **YOUR** allegation in Paragraph 11 of **YOUR COMPLAINT** that the "Caterpillar 3208 TA engine installed in Plaintiff's vessel suffered from improper manufacture and/or design which Defendant knew, had reason to know or should have known about based upon their knowledge of the consistent failure ratios of the Caterpillar 3208 TA," please:

(a)     Identify by name, address, and telephone number each and every person whom **YOU** contend was placed at risk of harm as a result of the **INCIDENT**.

(b)     State all facts supporting **YOUR** contention that the **INCIDENT** was potentially harmful to the life and safety of said individuals;

(c)     Identify by name, address, and telephone number each and every person with knowledge of facts supporting **YOUR** contention;

(d)     Identify any and all documents which **YOU** rely upon to support **YOUR** contention; and

(e)     Identify by name, address, and telephone number the custodian or custodians of each and every document supporting **YOUR** contention.

**ANSWER:**

**DAVIS & DAVIS, P.C.**
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

(a)     Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order.  See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit.  Subject to this objection and without waiving the same, plaintiff believes all of its crew and clients from the time the vessel and engine were acquired through the date of the Incident were at risk of harm. A list of the crew and clients can be provided if necessary.

(b)     Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order.  See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit.  Subject to this objection and without waiving the same, a catastrophic engine failure on a charter places all crew and clients at risk of injury, serious injury and/or death.

(c)     Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order.  See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit.  Subject to this objection and without waiving the same, Mike Flores, c/o Davis & Davis, P.C.

(d)     Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order.  See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit.  Subject to this objection and without waiving the same, plaintiff is not aware of any documents responsive to this request.

(e)     Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order.  See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit.  Subject to this objection and without waiving the same, see answer to Interrogatory No. 14.(d).

**INTERROGATORY NO. 15:**   Is **YOUR** response to each Request for Admission, served concurrently with these Interrogatories, an unqualified admission?

**ANSWER:**  Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff

DAVIS & DAVIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, no.

**INTERROGATORY NO. 16:** If **YOUR** response to Interrogatory No. 5 is in the negative, for each response that is not an unqualified admission:

    (a)     state the number of the request;

    (b)     state all facts upon which **YOU** base **YOUR** response;

    (c)     state the names, addresses, and telephone numbers of all **PERSONS** who have knowledge of those facts; and

    (d)    **IDENTIFY** all **DOCUMENTS** and other tangible things that support **YOUR** response and state the name, address, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

    **ANSWER:**

    (a)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, numbers 1, 3, and 4 – 10.

    (b)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, No. 1. See complaint and responses to Interrogatories. No. 3. Plaintiff is exploring this issue in discovery. No. 4. See complaint and responses to Interrogatories.

DAVIS & DAVIS, P.C.
405 W. 36ᵗʰ AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

No. 5. The type of failure could not have occurred unless the Engine was defective when it left the factory. No. 6. The Engine was not rebuilt in 2002. No. 7. See response to RFA No. 7. No. 8. Plaintiff is exploring this issue in discovery. No. 9. Plaintiff is asserting that strict liability applies in this case. No. 10. See complaint and responses to Interrogatories.

(c)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit. Subject to this objection and without waiving the same, as appropriate, see responses to Interrogatories.

(d)    Plaintiff objects to this interrogatory since defendant is limited to propounding twenty-five interrogatories, including all discrete subparts, upon plaintiff without the parties' agreement or court order. See Federal Rules of Civil Procedure 33(a). Defendant has exceeded this limit.

## VERIFICATION

STATE OF ALASKA        )
                              ) ss

THIRD JUDICIAL DISTRICT   )

      Michael Flores, being first duly sworn upon oath, deposes and says:

      That I am the owner of **NINILCHIK CHARTERS, LLC** in the above-entitled action, have reviewed the foregoing answers to interrogatories, and that they are correct to the best of my knowledge and belief.

_____
Michael Flores

SUBSCRIBED AND SWORN TO before me this _____ day of May, 2005.

_____
NOTARY PUBLIC in and for Alaska
My Commission Expires: _____

DATED this 25th day of May, 2005, at Anchorage, Alaska.

DAVIS & DAVIS, P.C.
Attorneys for Plaintiff

_____
Leonard R. Anderson
Alaska Bar No. 9411092

**DAVIS & DAVIS, P.C.**
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the
foregoing document was served by hand delivery
on May 20, 2005, on the following:

Frank A. Pfiffner
Hughes Thorsness Powell
  Huddleston & Bauman, LLC
550 W. 7th Avenue, Suite 1100
Anchorage, AK 99501-3563

_Angela N. Kulp_
Angela N. Kulp

**DAVIS & DAVIS, P.C.**
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF SPECIAL INTERROGATORIES TO PLAINTIFF

**Ex. B, pg. 25 of 25**