Leonard R. Anderson
Davis, Randall
Anderson & Mathis, P.C.
405 W. 36th Avenue, Ste. 200
Anchorage, Alaska 99503
Telephone: (907) 561-4420
Fax: (907) 562-7888
E-mail: leonard@davis2.com
ABA No. 9411092

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NINILCHIK CHARTERS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CATERPILLAR, INC., a Delaware Corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 3:04-cv-250 (TMB) |

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Plaintiff, by and through its counsel, hereby files its opposition to defendant's summary judgment motion.

### I.   INTRODUCTION

Defendant's motion is premised primarily upon its arguments that recovery of economic losses is precluded under both admiralty and State law since the motor in question was not covered by any warranty. While most of the defendant's argument on the

application of what has come to be known as the economic loss or East River[1] doctrine appears to be properly stated in defendant's brief, an exception to the economic loss doctrine has been recognized by some courts. Plaintiff asserts that under the exception to the economic loss doctrine he is entitled to recover damages. At a minimum, a material issue of fact exists which precludes the entry of summary judgment against plaintiff.

## II.    STANDARDS FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered when:

> . . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The moving party has the initial burden of "identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."[2] The movant must be able to show "the absence of a material and triable issue of fact,"[3] although it need not necessarily advance affidavits or similar materials to negate the existence of an issue on which the nonmoving party will bear the burden of proof at trial.[4]

---

[1] East River Steamship Corp. v. Transamerica Delaval, Inc., 476 U.S. 858 (1986).
[2] T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626(9th Cir. 1987), citing, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
[3] Richards v. Neilsen Freight Lines, 810 F.2d 899, 902 (9th Cir. 1987).
[4] Celotex, 477 U.S. at 323, but cf., Id. at 328 (White, J., concurring).

Opposition to Motion for Summary Judgment
*NinilchikCharters, LLC vs. Caterpillar, Inc.*
Case No. 3:04-cv-250 (TMB)                                                                    Page 2 of 7

DAVIS, RANDALL, ANDERSON & MATHIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

If the moving party meets its burden, the nonmoving party may not defeat the motion for summary judgment in the absence of any significant, probative evidence tending to support its legal theory.[5] The nonmoving party cannot stand on its pleadings, nor can it simply assert that it will be able to discredit the movant's evidence at trial.[6] Similarly, legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment.[7]

The standard for granting summary judgment reflects the standard governing the grant of a directed verdict.[8] Therefore, the question is whether "reasonable minds could differ as to the import of the evidence."[9] However, when "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact."[10] Also, inferences from the facts must be drawn in the light most favorable to the nonmoving party.[11] These inferences may be drawn both from underlying facts that are not in dispute, as well as from disputed facts which the judge is required to resolve in favor of the nonmoving party.[12]

---

[5] Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979).
[6] See T.W. Elec., 809 F.2d at 630.
[7] British Airways Bd. V. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978).
[8] See Eisenberg v. Insurance Co. of North America, 815 F.2d 1285, 1289 (9th Cir. 1987), citing, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).
[9] Eisenberg, 815 F.2d at 1289.
[10] T.W. Elec., 809 F.2d at 631.
[11] Id.
[12] Id.

Opposition to Motion for Summary Judgment
*NinilchikCharters, LLC vs. Caterpillar, Inc.*
Case No. 3:04-cv-250 (TMB)                                                                 Page 3 of 7

DAVIS, RANDALL, ANDERSON & MATHIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

### III. ARGUMENT

A material issue of fact or law exists which precludes the entry of summary judgment. Courts have recognized an exception to the <u>East River</u> doctrine precluding recovery of economic losses in maritime cases. In particular, courts have allowed recovery of economic damages where a manufacturer negligently failed to warn of defects in its product after the product was already out on the market.[13] In adopting this exception, the courts concluded that the duty to warn of defects relates to the kind of conduct governed by tort law "as a matter of social and public policy."[14] As a result, "the reasons for imposing a tort duty to warn are strong and those for leaving a party to its contractual remedies are weak."[15] Moreover, precluding such a remedy would "impermissibly allow a manufacturer who is aware that it has a defective product on the market to hide behind its warranty while the buyer unknowingly uses it.[16]

Defendant was aware or should have been aware that a defect in its 3208 high horsepower engines (375 horsepower and above). It is common knowledge by those who work on and repair Caterpillar motors that the 3208 high horsepower engines have defects.[17] It is also understood in the industry that Caterpillar and its employees are aware

DAVIS, RANDALL, ANDERSON & MATHIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

---

[13] See <u>Miller Industries v. Caterpillar Tractor Co.</u>, 733 F.2d 813, 818 (11th Cir. 1984), <u>accord</u>, <u>Brown v. Eurocopter S.A.</u>, 143 F. Supp.2d 781, 783 (S.D. Texas 2001).
[14] <u>Brown</u>, 143 F. Supp.2d at 783, <u>citing</u>, <u>Miller Indus.</u>, 733 F.2d at 818.
[15] <u>Brown</u>, 143 F. Supp.2d. at 783.
[16] <u>Id.</u>, <u>citing</u>, <u>Miller Indus.</u>, 733 F.2d at 818.
[17] <u>See</u> Exhibit 1, Affidavit of Robert Wilkison 1 at paragraph 7.

Opposition to Motion for Summary Judgment
*Ninilchik Charters, LLC vs. Caterpillar, Inc.*
Case No. 3:04-cv-250 (TMB)                                                                                     Page 4 of 7

of the problems and defects in the high horsepower 3208 engines.[18] This understanding comes from mechanics' experience from seeing and working on hundreds of Caterpillar 3208 high horsepower engines.[19] Based upon the failures non-Caterpillar mechanics saw, Caterpillar and its mechanics knew or should have known of the defects in the Caterpillar 3208 high horsepower engines. Moreover, plaintiff understood from other vessel owners that they had multiple engine failures similar to plaintiff's failure.[20] At a minimum, a material issue of fact exists on this issue which precludes the entry of summary judgment against plaintiff.

Defendant was on notice that plaintiff was potentially seeking damages for negligent failure to warn of engine defects. Plaintiff plead in its complaint that defendant was aware of numerous failures of the 3208 engines[21] and defects in the Caterpillar 3208 engines existed.[22] Plaintiff asked defendant in discovery to produce any "notices or correspondence from you to any Caterpillar dealers, customers, or the public related to any defects or problems with the Caterpillar 3208 engines"[23] and any "documents, notes, memoranda, emails or correspondence related to any defects or problems experienced with the Caterpillar 3208 engines."[24] Defendant did not produce in response to the

---

[18] Id. at paragraph 8.
[19] Id. at paragraph 3.
[20] See Exhibit 2, Excerpt of Michael Flores Deposition at pages 117-127.
[21] See First Amended Complaint at paragraph 10.
[22] Id. at paragraph 11.
[23] See Exhihit 3, Plaintiff's Requests for Product at RFP 1.
[24] Id. at RFP 2.

Opposition to Motion for Summary Judgment
*NinilchikCharters, LLC vs. Caterpillar, Inc.*
Case No. 3:04-cv-250 (TMB)                                                                 Page 5 of 7

discovery requests anything containing a warning to its dealers or engine owners.[25] Having been a defendant in the <u>Miller Industries</u> case, which adopted the duty to warn doctrine as an exception to the economic loss doctrine, Caterpillar cannot claim is was not aware of the duty to warn doctrine. Given Plaintiff's pleadings and discovery requests, defendant was on notice that this doctrine was a basis for damages in this case.

## IV. CLOSING

Defendant seeks, in essence, dismissal of this case on summary judgment pursuant to the <u>East River</u> economic loss doctrine. An exception to the economic loss doctrine has been adopted in some jurisdictions. This exception is a negligent failure to warn or defects. Plaintiff asserts that defendant knew about defects in the Caterpillar 3208 high horsepower motors and negligently failed to warn of owners of the defects. Caterpillar may disagree with plaintiff, but, at a minimum, a material issue of fact exists in this case precluding the entry of summary judgment. Plaintiff, therefore, respectfully requests that the Court deny defendant's motion for summary judgment.

DATED this 25th day of April, 2006, at Anchorage, Alaska.

DAVIS, RANDALL
ANDERSON & MATHIS, P.C.


/s/ Leonard R. Anderson
LEONARD R. ANDERSON
Alaska Bar No. 9411092

---

[25] <u>Id</u>. at RFPs 1 and 2.

Opposition to Motion for Summary Judgment
*NinilchikCharters, LLC vs. Caterpillar, Inc.*
Case No. 3:04-cv-250 (TMB)                                                                                      Page 6 of 7

**Certificate of Service**

I hereby certify that on April 25, 2006, a copy of the foregoing Opposition to Motion for Summary Judgment was served electronically on:

Frank A. Pfiffner
Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
3900 "C" Street, Suite 1001
Anchorage, AK 99503-5931

/s/ Leonard R. Anderson

DAVIS, RANDALL, ANDERSON & MATHIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

Opposition to Motion for Summary Judgment
*NinilchikCharters, LLC vs. Caterpillar, Inc.*
Case No. 3:04-cv-250 (TMB)                                    Page 7 of 7