FRANK A. PFIFFNER
HUGHES BAUMAN PFIFFNER GORSKI &
SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone: (907) 274-7522
Facsimile: (907) 263-8320


ELLIOTT D. OLSON
DANIEL W. BIR
SEDGWICK, DETERT, MORAN & ARNOLD LLP
801 South Figueroa Street, 18th Floor
Los Angeles, California 90017-5556
Telephone: (213) 426-6900
Facsimile: (213) 426-6921

Attorneys for Defendant CATERPILLAR INC.
(erroneously served and sued as CATERPILLAR, INC.)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NINILCHIK CHARTERS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CATERPILLAR, INC; a Delaware Corporation,<br><br>Defendant. | CASE NO. A04-0250 CV (TMB)<br><br>CATERPILLAR INC.'S SUPPLEMENTAL RESPONSES TO NINILCHIK CHARTERS, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |

**PROPOUNDING PARTY:**     Plaintiff NINILCHIK CHARTERS, LLC

**RESPONDING PARTY:**     Defendant CATERPILLAR INC.

**SET NO.:**     ONE (1)


Defendant Caterpillar Inc. (hereinafter "Caterpillar") hereby provides the following Responses to plaintiff's First Set of Requests for Production of Documents, pursuant to Federal *Rules of Civil Procedure* 26 and 34.

LA/615352v1 -1-

EXHIBIT 3

## PRELIMINARY STATEMENT

Caterpillar has not yet completed its discovery and investigation of the matters relating to this case. Consequently, the answers made in response to these Requests shall be without prejudice to this defendant's right to supplement its answers with subsequently discovered information.

Caterpillar hereby objects to each and every Request to the extent that it seeks information that would infringe upon the attorney-client privilege, work product doctrine or any other privilege afforded under law. Each and every answer wherein defendant provides information subject to such objection, *i.e.*, defendant will not divulge any privileged information or documents.

Caterpillar is still in the process of locating, collecting, reviewing, and analyzing documents and information potentially referenced in these Requests. Further, this party is determining whether any such documents fall within the scope of said Requests. Accordingly, if, in response to any Request, Caterpillar indicates that it may supplement its Response, such answer should not be deemed to be, and is not, an admission that any such additional information or documents exist, but, rather, only an indication that, if any such information or documents are subsequently discovered, this defendant reserves the right to supplement its responses.

Caterpillar objects to each and every Request to the extent that it seeks materials, to which the requesting party has equal or greater access, or has previously obtained. Caterpillar further objects to each and every Request to the extent that it calls for disclosure or production of confidential and proprietary trade secret information and documentation.

## RESPONSES

**REQUEST FOR PRODUCTION NO. 1**

Please produce any and all notices or correspondence from you to any Caterpillar dealers, customers, or the public related to any defects or problems with the Caterpillar 3208 engines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Caterpillar objects to this Request to the extent that it addresses a potentially vast array of facts, circumstances, and documents wholly unrelated to the matters at issue in this action. On

these grounds, the Request is not reasonably calculated to lead to the discovery of admissible evidence, in violation of *Rule of Civil Procedure* 26. This defendant further objects to this Request on the grounds that it is grossly overbroad in scope, both as to subject matter and time, to the extent that it is burdensome and oppressive.

Caterpillar also objects to this Request on the grounds that it is vague and ambiguous, to the extent of being incomprehensible, in its use of the phrase "defects or problems." This defendant further objects to this Request to the extent it seeks documents and information, to which the requesting party has equal or greater access, or has previously obtained. Without waiving its objections, and after a diligent search and reasonable inquiry, Caterpillar responds by referring plaintiff to the Service Letter for Replacing the 90 Degree Water-Cooled Exhaust Manifold Elbows on Certain 3208 Marine Engines, previously identified and produced as CAT 0230 – CAT 0233 in Caterpillar's Second Supplemental FRCP 26 Disclosure. Discovery and investigation are continuing.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Caterpillar objects to this Request to the extent that it addresses a potentially vast array of facts, circumstances, and documents wholly unrelated to the matters at issue in this action. On these grounds, the Request is not reasonably calculated to lead to the discovery of admissible evidence, in violation of *Rule of Civil Procedure* 26. This defendant further objects to this Request on the grounds that it is grossly overbroad in scope, both as to subject matter and time, to the extent that it is burdensome and oppressive.

Caterpillar also objects to this Request on the grounds that it is vague and ambiguous, to the extent of being incomprehensible, in its use of the phrase "defects or problems." This defendant further objects to this Request to the extent it seeks documents and information, to which the requesting party has equal or greater access, or has previously obtained. Without waiving its objections, and after a diligent search and reasonable inquiry, Caterpillar refers plaintiff to the Service Letter applicable to the subject engine for Reworking Aftercooler Adapters on Certain 3208 Marine Engines (CAT 0245 – CAT 0248). Discovery and investigation are continuing.

### REQUEST FOR PRODUCTION NO. 2

Please produce any and all documents, notes, memoranda, emails or correspondence related to any defects or problems experienced with the Caterpillar 3208 engines.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2

Caterpillar objects to this Request to the extent that it addresses a potentially vast array of facts, circumstances, and documents wholly unrelated to the matters at issue in this action. On these grounds, the Request is not reasonably calculated to lead to the discovery of admissible evidence, in violation of *Rule of Civil Procedure* 26. This defendant further objects to this Request on the grounds that it is grossly overbroad in scope, both as to subject matter and time, to the extent that it is burdensome and oppressive.

Caterpillar also objects to this Request on the grounds that it is vague and ambiguous, to the extent of being incomprehensible, in its use of the phrase "defects or problems." This defendant further objects to this Request to the extent it seeks documents and information, to which the requesting party has equal or greater access, or has previously obtained.

Furthermore, Caterpillar objects to this Request to the extent that it seeks the production of information or documents in violation of the attorney-client privilege and/or Work Product Doctrine. This defendant similarly objects to this Request to the extent that it seeks the production of expert information or documentation, in violation of the parameters for such discovery, as set forth in *Rule of Civil Procedure* 26(a)(2).

Without waiving its objections, and after a diligent search and reasonable inquiry, Caterpillar responds by referring plaintiff to the Service Letter for Replacing the 90 Degree Water-Cooled Exhaust Manifold Elbows on Certain 3208 Marine Engines, previously identified and produced as CAT 0230 – CAT 0233 in Caterpillar's Second Supplemental FRCP 26 Disclosure. Discovery and investigation are continuing.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2

Caterpillar objects to this Request to the extent that it addresses a potentially vast array of facts, circumstances, and documents wholly unrelated to the matters at issue in this action. On these grounds, the Request is not reasonably calculated to lead to the discovery of admissible

evidence, in violation of *Rule of Civil Procedure* 26. This defendant further objects to this Request on the grounds that it is grossly overbroad in scope, both as to subject matter and time, to the extent that it is burdensome and oppressive.

Caterpillar also objects to this Request on the grounds that it is vague and ambiguous, to the extent of being incomprehensible, in its use of the phrase "defects or problems." This defendant further objects to this Request to the extent it seeks documents and information, to which the requesting party has equal or greater access, or has previously obtained.

Furthermore, Caterpillar objects to this Request to the extent that it seeks the production of information or documents in violation of the attorney-client privilege and/or Work Product Doctrine. This defendant similarly objects to this Request to the extent that it seeks the production of expert information or documentation, in violation of the parameters for such discovery, as set forth in *Rule of Civil Procedure* 26(a)(2).

Without waiving its objections, and after a diligent search and reasonable inquiry, Caterpillar responds by referring plaintiff to its Supplemental Response to Request for Production No. 1. Discovery and investigation are continuing.

**REQUEST FOR PRODUCTION NO. 3**

Please produce any records you have related to the Engine.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Caterpillar objects to this Request to the extent that it addresses a potentially vast array of facts, circumstances, and documents wholly unrelated to the matters at issue in this action. On these grounds, the Request is not reasonably calculated to lead to the discovery of admissible evidence, in violation of *Rule of Civil Procedure* 26. This defendant further objects to this Request on the grounds that it is grossly overbroad in scope, both as to subject matter and time, to the extent that it is burdensome and oppressive.

Caterpillar also objects to this Request on the grounds that it is vague and ambiguous, to the extent of being incomprehensible, in its use of the term "records." This defendant further objects to this Request to the extent it seeks documents and information, to which the requesting party has equal or greater access, or has previously obtained.

Furthermore, Caterpillar objects to this Request to the extent that it seeks the production of information or documents in violation of the attorney-client privilege and/or Work Product Doctrine. This defendant similarly objects to this Request to the extent that it seeks the production of expert information or documentation, in violation of the parameters for such discovery, as set forth in *Rule of Civil Procedure* 26(a)(2).

Without waiving its objections, and after a diligent search and reasonable inquiry, Caterpillar responds by referring plaintiff to the following documents previously produced in Caterpillar's Second Supplemental FRCP 26 Disclosure: Engine Invoice and Shipping Order Data for the 3208 marine engine, serial number 01Z06986 (CAT 0136 & CAT 0137); Engine Specification Sheet, form No. LEHM5199 (CAT 0138 – 0139); Caterpillar's Limited Warranty, form No. SELF5113 (CAT 0140 – 0141); Sales and Service Detail Sheet (CAT 0142); Operation & Maintenance Guide, form No. SEBU5988-02 (CAT 0143 – 0227); Operation & Maintenance Supplement, form No. SEBU5915 (CAT 0228 – 0229); and a Service Letter for Replacing the 90 Degree Water-Cooled Exhaust Manifold Elbows on Certain 3208 Marine Engines, Form No. SEBE5162-01 (CAT 0230 – 0233). Caterpillar further responds that it will agree to produce a copy of the applicable engine price arrangement on execution of a Stipulation for Protective Order. Additionally, Caterpillar refers plaintiff to Exhibit "A" attached hereto for a copy of the test cell data for the subject engine, serial number 01Z06986. Discovery and investigation are continuing.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Caterpillar objects to this Request to the extent that it addresses a potentially vast array of facts, circumstances, and documents wholly unrelated to the matters at issue in this action. On these grounds, the Request is not reasonably calculated to lead to the discovery of admissible evidence, in violation of *Rule of Civil Procedure* 26. This defendant further objects to this Request on the grounds that it is grossly overbroad in scope, both as to subject matter and time, to the extent that it is burdensome and oppressive.

Caterpillar also objects to this Request on the grounds that it is vague and ambiguous, to the extent of being incomprehensible, in its use of the term "records." This defendant further

objects to this Request to the extent it seeks documents and information, to which the requesting party has equal or greater access, or has previously obtained.

Furthermore, Caterpillar objects to this Request to the extent that it seeks the production of information or documents in violation of the attorney-client privilege and/or Work Product Doctrine. This defendant similarly objects to this Request to the extent that it seeks the production of expert information or documentation, in violation of the parameters for such discovery, as set forth in *Rule of Civil Procedure* 26(a)(2).

Without waiving its objections, and after a diligent search and reasonable inquiry, Caterpillar responds by referring plaintiff to the following documents: Engine Invoice and Shipping Order Data for the 3208 marine engine, serial number 01Z06886 (CAT 0234 – 0238); Engine Specification Sheet, form No. LEHM5176 (CAT 0239 – CAT 0242); Caterpillar's Limited Warranty, form No. SELF5043 (CAT 0243); Operation & Maintenance Guide, form No. SEBU5988-02 (CAT 0143 – 0227); Operation & Maintenance Supplement, form No. SEBU5915 (CAT 0228 – 0229); Test Cell Data for engine serial number 01Z06886 (CAT 0244); and a Service Letter for Reworking Aftercooler Adapters on Certain 3208 Marine Engines, Form No. SEBE8593-00 (CAT 0245 – CAT 0248). Caterpillar further responds by referring plaintiff to a copy of the applicable Engine Pricing Arrangement, No. PA-0812 (CAT 0270), which is subject to the terms and conditions as set forth in the Stipulated Protective Order previously executed in this matter. Discovery and investigation are continuing.

**REQUEST FOR PRODUCTION NO. 4**

Please produce any and all timing advance updates applicable to the Engine from the date it was manufactured through the present date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Caterpillar objects to this Request to the extent that it addresses a potentially vast array of facts, circumstances, and documents wholly unrelated to the matters at issue in this action. On these grounds, the Request is not reasonably calculated to lead to the discovery of admissible evidence, in violation of *Rule of Civil Procedure* 26. This defendant further objects to this

/ / /

EXHIBIT # 3
PAGE 2 OF 13

Request on the grounds that it is grossly overbroad in scope, both as to subject matter and time, to the extent that it is burdensome and oppressive.

Caterpillar also objects to this Request on the grounds that it is vague and ambiguous, to the extent of being incomprehensible, in its use of the phrase "timing advance updates." This defendant further objects to this Request to the extent it seeks documents and information, to which the requesting party has equal or greater access, or has previously obtained.

Furthermore, Caterpillar objects to this Request to the extent that it seeks the production of information or documents in violation of the attorney-client privilege and/or Work Product Doctrine. This defendant similarly objects to this Request to the extent that it seeks the production of expert information or documentation, in violation of the parameters for such discovery, as set forth in *Rule of Civil Procedure* 26(a)(2).

Without waiving its objections, Caterpillar responds that to the extent it understands this request, it is unaware of any "timing advance updates," as applicable to the subject engine. Furthermore, Caterpillar states that the subject engine was built with a timing advance of 0.0 degrees. On that basis, after a diligent search and reasonable inquiry, this defendant is currently unable to identify any documents responsive to this Request. Discovery and investigation are continuing.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Caterpillar objects to this Request to the extent that it addresses a potentially vast array of facts, circumstances, and documents wholly unrelated to the matters at issue in this action. On these grounds, the Request is not reasonably calculated to lead to the discovery of admissible evidence, in violation of *Rule of Civil Procedure* 26. This defendant further objects to this Request on the grounds that it is grossly overbroad in scope, both as to subject matter and time, to the extent that it is burdensome and oppressive.

Caterpillar also objects to this Request on the grounds that it is vague and ambiguous, to the extent of being incomprehensible, in its use of the phrase "timing advance updates." This defendant further objects to this Request to the extent it seeks documents and information, to which the requesting party has equal or greater access, or has previously obtained.

Furthermore, Caterpillar objects to this Request to the extent that it seeks the production of information or documents in violation of the attorney-client privilege and/or Work Product Doctrine. This defendant similarly objects to this Request to the extent that it seeks the production of expert information or documentation, in violation of the parameters for such discovery, as set forth in *Rule of Civil Procedure* 26(a)(2). Without waiving its objections, Caterpillar responds by referring plaintiff to the drawings and drawing notices for the timing advance gear in production at the time the subject engine was built, part number 7C-2856 (CAT 0277 – CAT 0280), and the drawings and drawing notices for the timing advance gears which have replaced part number 7C-2856 (CAT 0281 – CAT 0323). These documents are subject to the terms and conditions as set forth in the Stipulated Protective Order previously executed in this matter. Discovery and investigation are continuing.

### REQUEST FOR PRODUCTION NO. 5

Please produce any and all engine dampener updates applicable to the Engine from the date it was manufactured through the present date.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 5

Caterpillar objects to this Request to the extent that it addresses a potentially vast array of facts, circumstances, and documents wholly unrelated to the matters at issue in this action. On these grounds, the Request is not reasonably calculated to lead to the discovery of admissible evidence, in violation of *Rule of Civil Procedure* 26. This defendant further objects to this Request on the grounds that it is grossly overbroad in scope, both as to subject matter and time, to the extent that it is burdensome and oppressive.

Caterpillar also objects to this Request on the grounds that it is vague and ambiguous, to the extent of being incomprehensible, in its use of the phrase "engine dampener updates." This defendant further objects to this Request to the extent it seeks documents and information, to which the requesting party has equal or greater access, or has previously obtained.

Furthermore, Caterpillar objects to this Request to the extent that it seeks the production of information or documents in violation of the attorney-client privilege and/or Work Product Doctrine. This defendant similarly objects to this Request to the extent that it seeks the

production of expert information or documentation, in violation of the parameters for such discovery, as set forth in *Rule of Civil Procedure* 26(a)(2).

Without waiving its objections, Caterpillar responds that to the extent it understands this request, it is unaware of any "engine dampener updates," as applicable to the subject engine. On that basis, after a diligent search and reasonable inquiry, this defendant is currently unable to identify any documents responsive to this Request. Discovery and investigation are continuing.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5

Caterpillar objects to this Request to the extent that it addresses a potentially vast array of facts, circumstances, and documents wholly unrelated to the matters at issue in this action. On these grounds, the Request is not reasonably calculated to lead to the discovery of admissible evidence, in violation of *Rule of Civil Procedure* 26. This defendant further objects to this Request on the grounds that it is grossly overbroad in scope, both as to subject matter and time, to the extent that it is burdensome and oppressive.

Caterpillar also objects to this Request on the grounds that it is vague and ambiguous, to the extent of being incomprehensible, in its use of the phrase "engine dampener updates." This defendant further objects to this Request to the extent it seeks documents and information, to which the requesting party has equal or greater access, or has previously obtained.

Furthermore, Caterpillar objects to this Request to the extent that it seeks the production of information or documents in violation of the attorney-client privilege and/or Work Product Doctrine. This defendant similarly objects to this Request to the extent that it seeks the production of expert information or documentation, in violation of the parameters for such discovery, as set forth in *Rule of Civil Procedure* 26(a)(2).

Without waiving its objections, Caterpillar responds by referring plaintiff to the drawings and drawing notices for the damper in production at the time the subject engine was built (CAT 0271 - 0276), which are subject to the terms and conditions as set forth in the Stipulated Protective Order previously executed in this matter. Caterpillar further responds by referring plaintiff to a Service Letter for Service Information for Balancers and Dampers, Form No.

/ / /

EXHIBIT 3
PAGE 10 OF 13

LA/615352v1                                     -10-

SEBD9080-00 (CAT 0261 – CAT 0269), which may be responsive to this Request. Discovery and investigation are continuing.

### REQUEST FOR PRODUCTION NO. 6

Please produce any and all documents, memoranda, correspondence, service bulletins or service magazines that discuss or support any change, P.I.P. (product improvement products), T.I.P. (technical improvement products) or upgrades applicable to the Engine from the date of manufacture to the present.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 6

Caterpillar objects to this Request to the extent that it addresses a potentially vast array of facts, circumstances, and documents wholly unrelated to the matters at issue in this action. On these grounds, the Request is not reasonably calculated to lead to the discovery of admissible evidence, in violation of *Rule of Civil Procedure* 26. This defendant further objects to this Request on the grounds that it is grossly overbroad in scope, both as to subject matter and time, to the extent that it is burdensome and oppressive. Caterpillar also objects to this Request on the grounds that it is vague and ambiguous in its use of the terms "T.I.P. (technical improvement products) or upgrades."

Without waiving its objections, and after a diligent search and reasonable inquiry, Caterpillar responds by referring plaintiff to the Service Letter for Replacing the 90 Degree Water-Cooled Exhaust Manifold Elbows on Certain 3208 Marine Engines, previously identified and produced as CAT 0230 – CAT 0233 in Caterpillar's Second Supplemental FRCP 26 Disclosure. Discovery and investigation are continuing.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6

Caterpillar objects to this Request to the extent that it addresses a potentially vast array of facts, circumstances, and documents wholly unrelated to the matters at issue in this action. On these grounds, the Request is not reasonably calculated to lead to the discovery of admissible evidence, in violation of *Rule of Civil Procedure* 26. This defendant further objects to this Request on the grounds that it is grossly overbroad in scope, both as to subject matter and time, to the extent that it is burdensome and oppressive. Caterpillar also objects to this Request on the

EXHIBIT 3 PAGES 11 OF 13

grounds that it is vague and ambiguous in its use of the terms "T.I.P. (technical improvement products) or upgrades."

Without waiving its objections, and after a diligent search and reasonable inquiry, Caterpillar responds by referring plaintiff to the Service Letter for Reworking Aftercooler Adapters on Certain 3208 Marine Engines, Form No. SEBE8593-00 (CAT 0245 – CAT 0248). Discovery and investigation are continuing.

DATED: March 29, 2006

HUGHES BAUMAN PFIFFNER GORSKI & SEEDORF, LLC

By: _____
FRANK PFIFFNER
Attorney for Defendant
CATERPILLAR INC.
ABA No.: 7505032

EXHIBIT 3
PAGE 12 13

LA/615352v1                    -12-

## VERIFICATION

STATE OF ILLINOIS       §
                        § ss.
COUNTY OF PEORIA        §

David B. Anderson, being duly sworn, deposes and says:

1. I am Manager of Technical Support for Caterpillar Inc.

2. I am authorized to verify the foregoing Supplemental Response to Plaintiff's First Set of Requests for Production of Documents for and on behalf of the Defendant, Caterpillar Inc.

3. I have directed others to assist me in searching corporate records and assembling the facts needed in preparing the foregoing responses.

4. I have read the foregoing responses, and to the best of my knowledge and belief, these responses are true, accurate and complete as of this date.

*[signature]*
David B. Anderson

Subscribed and sworn to before me this 14th day of March, 2006.

*[signature]*
Notary Public

OFFICIAL SEAL
SUSAN M. SWIBOLD
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-18-2007

LA/615352v1                    -13-