Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, AK  99503
Phone: (907) 263-8241
Fax: (907) 263-8320
E-mail: fap@hbplaw.net
ABA No. 7505032

Elliott D. Olson
Daniel W. Bir
SEDGWICK, DETERT, MORAN & ARNOLD LLP
801 South Figueroa Street, 18th Floor
Los Angeles, California 90017-5556
Telephone: (213) 426-6900
Facsimile: (213) 426-6921

Attorneys for Defendant Caterpillar Inc.
(erroneously served and sued as Caterpillar, Inc.)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NINILCHIK CHARTERS, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CATERPILLAR, INC., a Delaware<br>corporation,<br><br>　　　　　Defendant. | Case No. 3:04-cv-250 (TMB) |

## MOTION TO STRIKE THE AFFIDAVIT OF ROBERT WILKISON FILED IN OPPOSITION TO CATERPILLAR'S MOTION FOR SUMMARY JUDGMENT

# I.
## INTRODUCTION

Caterpillar Inc. hereby moves to strike the Affidavit of Robert Wilkison on the grounds that Mr. Wilkison not only lacks the requisite qualifications to address the alleged "problems and/or defects" concerning plaintiff's engine, but also his Affidavit is purely speculative and conclusory.  Similarly, Rule 403 requires the exclusion of Mr. Wilkison's Affidavit because the probative value of his opinions regarding Caterpillar's alleged "awareness" of defects in its engines is substantially outweighed by the risk of prejudice to Caterpillar.

Moreover, it is apparent that plaintiff has submitted the Affidavit of Mr. Wilkison as expert testimony to establish that Caterpillar 3208 engines did, in fact, suffer from "problems and/or defects."   However, pursuant to Rule 26(a)(2), plaintiff failed to properly disclose Mr. Wilkison as an expert witness and failed to disclose his expert report.  Further, his opinions fall short of the required indicia of reliability and relevancy required under Rule 702 and the pertinent case law, including *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ("Daubert") and *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999) ("Kumho").  Accordingly, Caterpillar requests that this Court exclude the Affidavit of Mr. Wilkison and not consider his testimony in ruling on Caterpillar's Motion for Summary Judgment.

## II.
## OBJECTIONS

### A. MR. WILKISON'S AFFIDAVIT IS ENTIRELY SPECULATIVE AND CONCLUSORY AND SHOULD BE EXCLUDED.

In support of its Opposition to Caterpillar Inc.'s Motion for Summary Judgment, plaintiff has submitted the speculative, conclusory, and irrelevant Affidavit of Mr. Robert Wilkison.  It is apparent that plaintiff is using Mr. Wilkison in an attempt to establish that Caterpillar was somehow aware of "problems and/or defects" in Caterpillar 3208 marine engines with a horsepower of 375 and above.   However, by its very terms, Mr. Wilkison's Affidavit is laden with utter conjecture and guesswork.   For example, Paragraph 6 of the Affidavit states:

> **… Caterpillar *has to have* worked on many more Caterpillar 3208 engines, 375 horsepower and above, than my company.**

No where in the Affidavit does it state, among other things; (1) whether he has ever provided notice to Caterpillar regarding the alleged problems; (2) whether he has ever spoken to a qualified representative of Caterpillar to discuss the alleged problems; or (3) whether he is aware of anyone ever notifying Caterpillar of the alleged problems. Without this information, it makes one wonder how Mr. Wilkison can then affirm:

> **… Caterpillar has also seen and knows about repeated problems and/or defects in the 375 horsepower and above**

Motion to Strike the Affidavit of Robert Wilkison Filed in Opposition to Caterpillar's Motion for Summary Judgment
*Ninilchik Charters, LLC v Caterpillar Inc.*
Case No. 3:04-cv-250 (TMB)
(8367-2/246172)                    Page 3 of 8

Caterpillar 3208 engines.

(Wilkison Affidavit, ¶ 8). Simply put, the requisite facts upon which Mr. Wilkison's conclusions are based are sorely lacking. Without these foundational requirements, Mr. Wilkison's Affidavit is far too speculative to be considered by this Court.

## B.    MR. WILKISON'S AFFIDAVIT SHOULD BE EXCLUDED IN ITS ENTIRETY.

Pursuant to the Scheduling and Planning Order of this Court, expert witness disclosures in accordance with Rule 26(a)(2) must be made no later than 90 days before the close of discovery.[1] Similarly, pursuant to stipulation of the parties, the discovery cut-off was set for June 30, 2006.[2] This set an expert disclosure deadline of Friday, March 31, 2006. To date, plaintiff has failed to disclose any expert witnesses or their required reports, including Mr. Robert Wilkison.[3] Thus, plaintiff should be absolutely prohibited from offering any expert testimony of Mr. Wilkison in support of its Opposition, specifically whether "problems and/or defects" existed in Caterpillar 3208

---

[1] *See* Exhibit A, Scheduling and Planning Order.

[2] *See* Exhibit B, Order Modifying Discovery Completion Deadline.

[3] It is important to note that the parties' final witness lists, including both lay and expert witnesses, were also due March 31, 2006. *See* Exhibits A & B. Without stipulation of the parties, plaintiff did not serve its witness list until April 14, 2006, over two weeks late. The list also neglected to set forth the areas of proposed testimony for each witness. Caterpillar hereby preserves its objection to plaintiff's Final Witness List and, if necessary, will move to exclude each witness from trial pursuant to the Court's mandate set forth in Exhibit A.

Motion to Strike the Affidavit of Robert Wilkison Filed in Opposition to Caterpillar's Motion for Summary Judgment
*Ninilchik Charters, LLC v Caterpillar Inc.*
Case No. 3:04-cv-250 (TMB)
(8367-2/246172)                    Page 4 of 8

marine engines.

Moreover, Rule 702 governs the admission of expert testimony and provides that if scientific, technical, or other specialized knowledge is necessary to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. Boiled down to its essence, Rule 702 requires three things. First, the witness must qualify as an "expert." Second, the expert opinion must involve scientific, technical, or other specialized knowledge. Third, the expert's opinion with respect to that knowledge must help with the understanding of the evidence or determine a fact in issue.

In 1993, the Supreme Court provided guidance with respect to the district judge's gate-keeping role as delineated under Rule 702. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786 (1993). Trial judges must determine reliability and relevancy: First, the proposed expert's methodology underlying his conclusions must be reliable; otherwise, the conclusions will not "help" the jury. Second, the court must determine the relevancy of "fit" between the methodology and the fact to be decided, namely "whether the reasoning or methodology underlying the testimony … [may] be applied to the facts in issue." *Daubert,* 113 S.Ct. at 2796. In addition, the Supreme Court made it clear that the factors articulated in *Daubert* apply in a broad range of cases involving scientific and non-scientific expert testimony. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167 (1999).

This Court's responsibility, then, with respect to any type of expert testimony is to ensure that the testimony and opinions proffered comport with applicable professional standards outside the courtroom and that they will have a reliable basis in the knowledge and experience of the discipline. *Guidroz-Brault v. Missouri Pacific Railroad Company,* 254 F.3d 825, 830 (9th Cir. 2001).

Without even addressing Mr. Wilkison's apparent lack of qualifications and background to testify regarding the design and manufacture of diesel engines, his Affidavit references, on several occasions, "problems and/or defects" in Caterpillar 3208 engines. However, the Affidavit is utterly absent of any specific defect that is alleged to have existed. Even more important, Mr. Wilkison appears to have never reviewed or analyzed any design or manufacturing specifications, or any documents whatsoever, to make his determination that a defect in fact existed in any Caterpillar 3208 marine engine, let alone plaintiff's engine.

In fact, the entirety of Mr. Wilkison's Affidavit is nothing more than a wholesale conclusory opinion covering the entire model line of the Caterpillar 3208 engine. He fails to even address critical information such as (1) whether the engines he has worked on were installed in the same make, model, and size of boat; (2) the year of manufacture of the engines; (3) whether the engines were properly maintained and serviced; (4) whether the engines were operated properly; (5) whether the alleged failures occurred under substantially same circumstances; and (6) the cause of the alleged failures. Even

more alarming is the fact that Mr. Wilkison appears to have never even inspected plaintiff's engine. Thus, there is absolutely no factual evidence to establish that the problems Mr. Wilkison claims he as seen in the past are present in plaintiff's engine.

Further, the Caterpillar 3208 marine engine has been around for decades. In fact, plaintiff's engine was manufactured in 1986. Mr. Wilkison's Affidavit makes absolutely no distinction between the engines he has seen and rebuilt for purposes of regular repair and maintenance and engines he has seen as a result of the alleged "problems and/or defects." Accordingly, Mr. Wilkison's Affidavit is pure speculation and lacks the requisite foundation and relevancy to survive *Daubert,* and thus any reference to "problems and/or defects" in his Affidavit are properly excluded.

DATED at Anchorage, Alaska, this 3rd day of May, 2006.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
Attorneys for Defendant Caterpillar Inc.


By:    s/ Frank A. Pfiffner
Frank A. Pfiffner
3900 C Street, Suite 1001
Anchorage, AK  99503
Phone: (907) 263-8241
Fax: (907) 263-8320
E-mail: fap@hbplaw.net
ABA No. 7505032

<u>Certificate of Service</u>

     I hereby certify that on May 3, 2006, a copy of the foregoing MOTION TO STRIKE THE AFFIDAVIT OF ROBERT WILKISON FILED IN OPPOSITION TO CATERPILLAR'S MOTION FOR SUMMARY JUDGMENT was served electronically on:

Leonard R. Anderson
Davis, Randall, Anderson, & Mathis, PC
405 W. 36th Avenue, Suite 200
Anchorage, AK 99503-5872


<u>s/ Frank A. Pfiffner</u>

Motion to Strike the Affidavit of Robert Wilkison Filed in Opposition to Caterpillar's Motion for Summary Judgment
*Ninilchik Charters, LLC v Caterpillar Inc.*
Case No. 3:04-cv-250 (TMB)
(8367-2/246172)                              Page 8 of 8