Leonard R. Anderson
Davis, Randall
Anderson & Mathis, P.C.
405 W. 36th Avenue, Ste. 200
Anchorage, Alaska 99503
Telephone: (907) 561-4420
Fax: (907) 562-7888
E-mail: leonard@davis2.com
ABA No. 9411092

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NINILCHIK CHARTERS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CATERPILLAR, INC., a Delaware | ) |
| Corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 3:04-cv-250 (TMB) |

## OPPOSITION TO MOTION TO STRIKE AFFIDAVIT OF ROBERT WILKISON

Defendant seeks to strike the affidavit of Robert Wilkison as entirely conclusory and speculative or as improper expert testimony. Plaintiff disagrees with defendant.

Defendant incorrectly assumes that the plaintiff is using Mr. Wilkison as an expert in this case to establish the Caterpillar 3208, high horsepower, engines suffered from problems or defects. While Mr. Wilkison may have some expertise in his line of work,

plaintiff is not using him as an expert. Instead, Mr. Wilkison is a lay witness.

Mr. Wilkison's affidavit meets the criteria for lay witness testimony and should not be stricken. Federal Evidence Rule 701 allows a witness to provide opinion testimony if the opinion or inferences are: (1) rationally based upon the witness' perceptions; (2) they are helpful to understand the witness' testimony or to the determination of a disputed fact; and (3) they are not based upon specialized knowledge covered within the scope of Evidence Rule 702. Here, Mr. Wilkinson's testimony is based upon his observations as a mechanic in his own shop and as a former employee of Caterpillar. Mr. Wilkison's testimony is relevant to Caterpillar's knowledge of problems or defects with their 3208 engine which is an issue of fact in this case. In addition, specialized knowledge is not necessary to determine if Caterpillar knew of problems with its 3208 engine.

Mr. Wilkison has been identified as a potential witness in this case since the parties exchanged their initial disclosures. Plaintiff included Mr. Wilkinson in its initial disclosures.[1] Plaintiff provided documents to defendant with its initial disclosures from Mr. Wilkison's business.[2] Moreover, defendant's questioning of Michael Flores, plaintiff's principal, at his deposition shows that defendant knew of Mr. Wilkison and his line of work,[3] which made him a potential witness. Mr. Wilkison was also listed on plaintiff's final witness list.

---

[1] See Exhibit 1 at Page 2. Plaintiff listed Mr. Wilkison under the name he uses on a daily basis, Bob Wilkie, which plaintiff believed, until recently, was Mr. Wilkison's legal name.
[2] See Exhibit 2.
[3] See Exhibit 3, Excerpt of Michael Flores deposition at Page 127 lines 20-25; Page 128 lines 1-7.

Opposition to Motion to Strike Affidavit
*NinilchikCharters, LLC vs. Caterpillar, Inc.*
Case No. 3:04-cv-250 (TMB)                                                                 Page 2 of 4

DAVIS, RANDALL, ANDERSON & MATHIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

The opinions expressed in Mr. Wilkison's affidavit meet the test for a lay witness. Mr. Wilkison states in his affidavit: (1) that he has worked on Caterpillar engines for over 30 years as a Caterpillar employee and in his own repair shop; (2) he has seen many broken blocks and crankshafts in the high horsepower Caterpillar 3208 engines that do not occur in the lower horsepower 3208 engines; (3) that he has seen repeated problems or defects in the Caterpillar 3208 high horsepower engine; and (4) based upon his experience, Caterpillar knows of the problems or defects with the 3208 high horsepower engine.[4] These statements are not conclusory or speculative as they are based upon Mr. Wilkison's observations and experience and were not denied or refuted by defendant in its reply brief in support of its summary judgment motion.[5]

Defendant incorrectly assumes that Mr. Wilkison submitted his affidavit as an expert for plaintiff. The affidavit was submitted as a lay witness and the opinions and statements therein are appropriate lay witness testimony. Mr. Wilkison was disclosed to defendant early on in this case as a potential witness and was included on plaintiff's witness list. As a result, plaintiff respectfully requests that the Court deny defendant's motion to strike Mr. Wilkison's affidavit filed in support of plaintiff's opposition to defendant's summary judgment motion.

DATED this 18th day of May, 2006, at Anchorage, Alaska.

DAVIS, RANDALL, ANDERSON & MATHIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

---

[4] See Exhibit 4, Wilkison Affidavit at paragraphs 2, 4, 7 and 8.
[5] See Defendant's Reply Brief in Support of Motion for Summary Judgment dated May 3, 2006.

Opposition to Motion to Strike Affidavit
*NinilchikCharters, LLC vs. Caterpillar, Inc.*
Case No. 3:04-cv-250 (TMB)                                                                                      Page 3 of 4

DAVIS, RANDALL
ANDERSON & MATHIS, P.C.

/s/ Leonard R. Anderson
LEONARD R. ANDERSON
Alaska Bar No. 9411092

**Certificate of Service**
I hereby certify that on May 18, 2006, a copy of the foregoing Opposition to Motion to Strike Affidavit of Robert Wilkison was served electronically on:

Frank A. Pfiffner
Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
3900 "C" Street, Suite 1001
Anchorage, AK 99503-5931

Daniel Bir

Elliott Olson

/s/ Leonard R. Anderson

DAVIS, RANDALL, ANDERSON & MATHIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

Opposition to Motion to Strike Affidavit
*NinilchikCharters, LLC vs. Caterpillar, Inc.*
Case No. 3:04-cv-250 (TMB)                                    Page 4 of 4