Leonard R. Anderson
Davis, Randall
Anderson & Mathis, P.C.
405 W. 36th Avenue, Ste. 200
Anchorage, Alaska 99503
Telephone:  (907) 561-4420
Fax:  (907) 562-7888
E-mail:  leonard@davis2.com
ABA No. 9411092

DAVIS, RANDALL, ANDERSON  &  MATHIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NINILCHIK CHARTERS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CATERPILLAR, INC., a Delaware | ) |
| Corporation, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) Case No. 3:04-cv-250 (TMB) |

### JOINT STATUS REPORT

### I.

### NATURE OF THE CASE

**A.     Background**

This litigation arises out of an alleged engine failure on a chartered fishing

vessel.   The incident is alleged to have occurred on August 10, 2002.   On this date,

plaintiff Ninilchik Charters, LLC ("Ninilchik"), an Alaska business enterprise which provides fishing and hunting charters out of Seward, Kodiak, and the Kenai Peninsula, had booked the subject vessel with eleven customers for an all-day fishing trip. Shortly after the boat departed from Seward, the captain heard an uncommon ticking noise from the starboard engine and immediately shut the engine down. The vessel then returned to the harbor under the power of the port engine without problems. The engine was manufactured by defendant Caterpillar, Inc. ("Caterpillar"). No personal injury or property damage occurred. As a result of the alleged failure, plaintiff is seeking only the cost of replacing the engine and lost profits the business incurred during the replacement process.

Plaintiff Ninilchik's lead attorney is Leonard Anderson of Davis, Randall, Anderson & Mathis, P.C., 405 West 36th Avenue, Suite 200, Anchorage, Alaska 99503-5872. Defendant Caterpillar's lead attorney is Elliott D. Olson of Sedgwick, Detert, Moran & Arnold, LLP, 801 South Figueroa Street, 18th Floor, Los Angeles, California 90017-5556.

**B.**     **Bases for Federal Jurisdiction**

This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which was removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) and (b). It is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between

DAVIS, RANDALL, ANDERSON & MATHIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

citizens of different states.

Plaintiff Ninilchik was, at the time of the filing of this action and still is, a citizen of the State of Alaska. Defendant Caterpillar is, and was at the time of the filing of this action, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Illinois. As such, complete diversity of citizenship exists between plaintiff and defendant. Moreover, plaintiff is seeking over $75,000.00 in repair costs and lost profits.

**C.      Nature of Claims Asserted**

Plaintiff has alleged only tort causes of action against Caterpillar for strict products liability, negligence, and breach of warranty in connection with the alleged engine failure aboard the fishing vessel. Caterpillar claims that plaintiff's causes of action are barred by the economic loss doctrine.

**D.      Name of Unserved Parties**

None.

**E.      Principal Legal Issues**

As addressed more thoroughly in Caterpillar's Motion for Summary Judgment, plaintiff has alleged only tort causes of action against Caterpillar for strict products liability, negligence, and breach of warranty. Caterpillar asserts, however, that plaintiff's tort claims are barred under the economic loss doctrine and plaintiff's complaint should be dismissed in its entirety. The gravamen of plaintiff's claim is that the starboard engine in

DAVIS, RANDALL, ANDERSON & MATHIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

their vessel, which was manufactured in 1984, failed as a result of alleged design and manufacturing defects. Plaintiff does not allege any personal injury or damage to other property as a result of the engine failure. Instead, plaintiff is seeking purely economic losses, including the cost of replacing the engine and lost revenue for the time period the vessel was out of service. Since these alleged losses are purely economic defendant's position is plaintiff's tort causes of action are barred under the economic loss doctrine. Moreover, it is undisputed that the applicable express warranty for the subject engine had long since expired and explicitly precluded the recovery sought by plaintiff. As such, any independent claim for a breach of warranty, as based in contract, is barred.

Plaintiff has asserted that an "exception" to the economic loss doctrine exists by which the doctrine is inapplicable where a product manufacturer fails to warn of a defect or problem that they learn of after the product is placed into the marketplace. Plaintiff, however, presents no grounds, policy or otherwise, to support recognition of the "exception" by this Court. Instead, plaintiff relies solely upon two cases, the first of which has been overruled by the Supreme Court on the very point in question, and the second of which has not been followed or even mentioned by any other court across the country.

### F.     Principal Factual Issues

As noted, plaintiff claims Caterpillar was aware of "problems or defects" in its model 3208 line of engines, but failed to warn its customers. Caterpillar heavily opposes this position. Despite plaintiff's allegations, plaintiff has failed to identify a sole

DAVIS, RANDALL, ANDERSON & MATHIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

individual at Caterpillar who is alleged to have knowledge of the alleged problems. Plaintiff's engine was nearly 20 years old at the time of failure and had been overhauled following the subject vessel's sinking in the early 1990's. It is Caterpillar's position that any problem plaintiff experienced was not related to the original design or manufacture of the subject engine. Plaintiff disagrees and provided Caterpillar with expert reports which show the engine loss is related to the original design or manufacture of the engine.

## II.

## DISCOVERY

### A.     Discovery

The parties have exchanged several sets of written discovery. If Caterpillar's Motion for Summary Judgment is granted, expert discovery will be unnecessary.

### B.     Motions

As noted, Caterpillar's Motion for Summary Judgment was filed on April 7, 2006. Caterpillar also filed a Motion to Strike the Affidavit of Robert Wilkison Filed in Opposition to Caterpillar's Motion for Summary Judgment on May 3, 2006. Plaintiff has opposed that motion. Further, pursuant to the Scheduling and Planning Order of this Court, expert witness disclosures in accordance with Rule 26(a)(2) must have been made no later than 90 days before the close of discovery. Similarly, pursuant to stipulation of the parties, the discovery cut-off was set for June 30, 2006. Thus, the court-ordered expert

DAVIS, RANDALL, ANDERSON & MATHIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

disclosure and witness list deadline was Friday, March 31, 2006.  Plaintiff did not serve the requisite disclosures until May 3, 2006.  As such, Caterpillar is in the process of preparing a motion to exclude plaintiff's proposed experts from testifying at trial. Plaintiff will oppose this motion.

### C.      Ruling on Substantive Issues

None.

### D.      Previous Status Reports

None.

## III.

## TRIAL

It is anticipated the trial could be completed in five (5) court days and defendant Caterpillar has requested a jury trial.

## IV.

## SETTLEMENT

Settlement has not been discussed and, if necessary, the parties would not oppose a settlement conference.

DATED this 22nd day of May, 2006, at Anchorage, Alaska.

DAVIS, RANDALL
ANDERSON & MATHIS, P.C.

/s/ Leonard R. Anderson____
LEONARD R. ANDERSON
Alaska Bar No. 9411092

DAVIS, RANDALL, ANDERSON & MATHIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

DATED this 22nd day of May, 2006, at Anchorage, Alaska

HUGHES,    BAUMAN,    PFIFFNER,
GORSKI & SEEDORF, LLD

/s/ Frank A. Pfiffner
FRANK A. PFIFFNER
Alaska Bar No. 7505032

DAVIS, RANDALL, ANDERSON & MATHIS, P.C.
405 W. 36th AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-5872
(907) 561-4420

Joint Status Report
*NinilchikCharters, LLC vs. Caterpillar, Inc.*
Case No. 3:04-cv-250 (TMB)

Page 7 of 7