Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, AK  99503
Phone: (907) 263-8241
Fax: (907) 263-8320
E-mail: fap@hbplaw.net
ABA No. 7505032

Elliott D. Olson
Daniel W. Bir
SEDGWICK, DETERT, MORAN & ARNOLD LLP
801 South Figueroa Street, 18th Floor
Los Angeles, California 90017-5556
Telephone: (213) 426-6900
Facsimile: (213) 426-6921

Attorneys for Defendant Caterpillar Inc.
(erroneously served and sued as Caterpillar, Inc.)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NINILCHIK CHARTERS, LLC,<br><br>               Plaintiff,<br><br>vs.<br><br>CATERPILLAR, INC., a Delaware<br>corporation,<br><br>               Defendant. | Case No. 3:04-cv-250 (TMB) |

Reply Brief in Support of Motion to Strike the Affidavit of Robert Wilkison Filed in Opposition to Caterpillar's Motion for Summary Judgment
*Ninilchik Charters, LLC v Caterpillar Inc.*
Case No. 3:04-cv-250 (TMB)
(8367-2/247152)                    Page 1 of 6

**REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE THE AFFIDAVIT OF ROBERT WILKISON FILED IN OPPOSITION TO CATERPILLAR'S MOTION FOR SUMMARY JUDGMENT**

**I.**

**INTRODUCTION**

Despite admitting that Mr. Wilkison will not offer any expert opinion testimony in this matter, plaintiff blatantly ignores the fact that Wilkison's affidavit, by its express language, is entirely speculative and conclusory.  Regardless of Mr. Wilkison's personal experience working on Caterpillar engines, he has not provided any factual support and appears to have had absolutely no experience or interaction with this defendant which could form the basis for his opinion that "Caterpillar has also seen and knows" about alleged problems with its 3208 engines.  As such, his opinions and inferences or not based on his own perceptions of what Caterpillar knew or did not know, in direct violation of Federal Rule of Evidence 701, and must be excluded.

**II.**

**MR. WILKISON'S AFFIDAVIT IS ENTIRELY SPECULATIVE AND CONCLUSORY AND SHOULD BE EXCLUDED**

As thoroughly discussed in Caterpillar's Motion, Mr. Wilkison's Affidavit is laden with utter conjecture and guesswork.  For example, Paragraph 6 of the Affidavit states:

> **… Caterpillar *has to have* worked on many more Caterpillar 3208 engines, 375 horsepower and above, than my company.**

Reply Brief in Support of Motion to Strike the Affidavit of Robert Wilkison Filed in Opposition to Caterpillar's Motion for Summary Judgment
*Ninilchik Charters, LLC v Caterpillar Inc.*
Case No. 3:04-cv-250 (TMB)
(8367-2/247152)                    Page 2 of 6

By his very terms, Mr. Wilkison is speculating as to what this defendant must have done. He completely fails to set forth any factual support for his opinion that Caterpillar "has to have worked" on many more engines than himself. It stands to reason that if Mr. Wilkison cannot describe fundamental information such as what work was performed, when and where the work was performed or by which Caterpillar employees, then his opinions pertaining to this defendant's actions are not based on his own perceptions and are thus inadmissible.

Even more alarming is Mr. Wilkison's hollow and entirely conclusory statement that:

> **… Caterpillar has also seen and knows about repeated problems and/or defects in the 375 horsepower and above Caterpillar 3208 engines.**

(Wilkison Affidavit, ¶ 8). Despite such a position, the Affidavit is utterly silent as to foundational information such as; (1) whether he has ever provided notice to Caterpillar regarding the alleged problems; (2) whether he has ever spoken to a qualified representative of Caterpillar to discuss the alleged problems; (3) whether he has ever been present while authorized Caterpillar representatives inspected or analyzed engines with the alleged problems; or (3) whether he is aware of anyone ever notifying Caterpillar of the alleged problems. Simply put, the requisite facts upon which Mr. Wilkison's conclusions are based are sorely lacking. As such, Mr. Wilkison's Affidavit is far too speculative to be considered by this Court.

**III.**
## MR. WILKISON MUST BE PREVENTED FROM OFFERING TESTIMONY OF "PROBLEMS AND/OR DEFECTS"

By plaintiff's own admission, Mr. Wilkison has not and will not offer any expert testimony in this matter. Despite this position, however, plaintiff seeks to admit Mr. Wilkison's affidavit which continually refers to "problems and /or defects" in Caterpillar 3208 engines. By this very language and without any factual support, plaintiff seeks to improperly place before this Court the assumption that "problems and/or defects" actually existed. In fact, it appears that plaintiff is also improperly attempting to offer expert testimony through the guise of a lay witness.

As mentioned, Mr. Wilkison's Affidavit references, on several occasions, "problems and/or defects" in Caterpillar 3208 engines. However, the Affidavit fails to articulate any specific defect that is alleged to have existed. Even more important, Mr. Wilkison appears to have never reviewed or analyzed any design or manufacturing specifications, or any documents whatsoever, to make his determination that a defect in fact existed in any Caterpillar 3208 marine engine, let alone plaintiff's engine.

In fact, the entirety of Mr. Wilkison's Affidavit is nothing more than a wholesale conclusory opinion covering the entire model line of the Caterpillar 3208 engine. He fails to even address critical information such as (1) whether the engines he has worked on were installed in the same make, model, and size of boat; (2) the year of manufacture

of the engines; (3) whether the engines were properly maintained and serviced; (4) whether the engines were operated properly; (5) whether the alleged failures occurred under substantially same circumstances; and (6) the cause of the alleged failures. Thus, there is absolutely no factual evidence to establish that the problems Mr. Wilkison claims he as seen in the past are in any way "defects" and are in fact present in plaintiff's engine.

Further, the Caterpillar 3208 marine engine has been around for decades. In fact, plaintiff's engine was manufactured in 1986. Mr. Wilkison's Affidavit makes absolutely no distinction between the engines he has seen and rebuilt for purposes of regular repair and maintenance and engines he has seen as a result of the alleged "problems and/or defects." Accordingly, Mr. Wilkison's Affidavit is pure speculation and lacks the requisite foundation and relevancy to be considered by this Court, let alone survive the mandates of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ("Daubert") and *Kumho Tire Co. v. Carmichael,* and thus any reference to "problems and/or defects" in his Affidavit are properly excluded.

Reply Brief in Support of Motion to Strike the Affidavit of Robert Wilkison Filed in
Opposition to Caterpillar's Motion for Summary Judgment
*Ninilchik Charters, LLC v Caterpillar Inc.*
Case No. 3:04-cv-250 (TMB)
(8367-2/247152)                    Page 5 of 6

DATED at Anchorage, Alaska, this 26th day of May, 2006.

> HUGHES BAUMAN PFIFFNER
> GORSKI & SEEDORF, LLC
> Attorneys for Defendant Caterpillar Inc.


> By:    <u>s/ Frank A. Pfiffner</u>
> Frank A. Pfiffner
> 3900 C Street, Suite 1001
> Anchorage, AK 99503
> Phone: (907) 263-8241
> Fax: (907) 263-8320
> E-mail: fap@hbplaw.net
> ABA No. 7505032


<u>Certificate of Service</u>

I hereby certify that on May 26, 2006, a copy of the foregoing REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE THE AFFIDAVIT OF ROBERT WILKISON FILED IN OPPOSITION TO CATERPILLAR'S MOTION FOR SUMMARY JUDGMENT was served electronically on:

Leonard R. Anderson
Davis, Randall, Anderson, & Mathis, PC
405 W. 36th Avenue, Suite 200
Anchorage, AK 99503-5872


<u>s/ Frank A. Pfiffner</u>