IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NINILCHIK CHARTERS, LLC,<br><br>                Plaintiff,<br>vs.<br>CATERPILLAR, INC.,<br><br>                Defendant. | Case No. 3:04-cv-00250 TMB<br><br>O R D E R GRANTING<br>SUMMARY JUDGMENT |

      Plaintiff Ninilchik Charters, LLC ("Plaintiff") filed suit against Defendant Caterpillar, Inc. ("Caterpillar" or "Defendant") alleging that a Caterpillar engine installed in one of its charter vessels suffered from improper manufacture or design. Plaintiff alleges that it suffered economic damages as a result of the installation of the engine in its vessel, including out-of pocket expenses for replacement of the engine and downtime, and loss of revenue and business reputation. Plaintiff does not allege any personal injury or damage to other property as a result of the engine failure.

      Defendant moves for summary judgment, arguing that, since Plaintiff alleges only tort causes of action for strict products liability, negligence and breach of warranty, Plaintiff's claims are barred under the economic loss doctrine. In opposition to Defendant's summary judgment motion, Plaintiff concedes that the engine in question was not under warranty, and therefore that no breach of warranty claims lie under a contracts theory. Plaintiff also states that it does not contest Defendant's description of the economic loss doctrine. Instead, Plaintiff argues that it has established that there is a material question of fact as to whether Plaintiff satisfies a duty to warn exception to the economic loss doctrine recognized by some courts. Neither party has requested oral argument, and the Court does not deem oral argument necessary in order to resolve these issues.

      The alleged torts occurred on navigable waters, and therefore substantive maritime law applies.[1] In *East River Steamship Cor. v. Transamerica Delaval, Inc.*, an admiralty case applying

---

[1]     *See, e.g., Pope & Talbot v. Hawn*, 346 U.S. 406, 409-411 (1953).

maritime law, the Supreme Court held that "a manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself."[2] The Supreme Court explained that "[w]hen a product injures only itself the reasons for imposing a tort duty are weak and those for leaving the party to its contractual remedies are strong."[3] The Third Circuit, interpreting *East River*, noted that the Supreme Court "enunciated an unconditional bar of all tort recovery for economic loss arising out of a defective product."[4]

Plaintiff notes that some courts have recognized an exception to the economic loss doctrine when a manufacturer negligently fails to warn of defects in its product after the product reaches the market, and argues that, under this exception, it is entitled to recover damages. In support of its argument, Plaintiff cites *Miller Industries v. Caterpillar Tractor Co.*[5] In *Miller Industries*, the 11th Circuit acknowledged that, as a general rule, courts deny recovery for negligence where no physical damage has occurred and the only damages alleged are for economic loss due to a product's failure to perform as expected.[6] But the court recognized an exception where a defendant fails to properly warn of defects it discovers when a product is already on the market. The court reasoned that the "duty to warn of a product's defects of which the seller becomes aware goes not to the quality of the product that the buyer expects from the bargain, but to the type of conduct which tort law governs as a matter of social and public policy. To hold otherwise would impermissibly allow a manufacturer who is aware that it has a defective product on the market to hide behind its warranty while the buyer unknowingly uses it."[7] Plaintiff also relies upon *Brown v. Eurocopter S.A.*, in which a district court in Texas, favorably citing *Miller Industries*, concluded that "when it comes to post-sale failure

---

[2]     476 U.S. 858, 871 (1986).

[3]     *Id.* at 871.

[4]     *Sea-Land Service, Inc. v. General Electric Co.*, 134 F.3d 149, 155 (3rd Cir. 1998).

[5]     733 F.2d 813 (11th Cir. 1984).

[6]     *Id.* at 816-817.

[7]     *Id.* at 818. (internal citation omitted).

to warn, the reasons for imposing a tort duty to warn are strong and those for leaving the party to its contractual remedies are weak."[8]

But *Miller Industries* was decided prior to the Supreme Court's decision in *East River*, and this Court is persuaded that the distinction the *Miller Industries* court drew between pre and post-sale failure to warn claims is untenable in light of the broad sweep of *East River*. The Third Circuit, in similarly declining to recognize the post-sale failure to warn exception, noted that the reason for the economic loss doctrine is:

> that the parties to such a bargain can set out the terms of their expectations through negotiations, contract provisions, price adjustments, and insurance. If either party deems it advisable to require warning of a known defect in order to protect the *product*, that party can negotiate for such a provision or can protect against a defect through insurance. The rule in *East River* is directly applicable.[9]

The Ninth Circuit has not directly addressed the post-sale failure to warn exception to the economic loss doctrine, but demonstrated a reluctance to grant any exceptions to the economic loss doctrine in *Channel Star Excursions, Inc. v. Southern Pacific Transportation Co.*[10] There, the court considered a maritime tort claim for economic damages based on injuries related to the failure of Southern Pacific to open its swingbridge.[11] The Ninth Circuit recognized that a limited exception to the economic loss doctrine had been made in the Ninth Circuit in *Union Oil Co. v. Oppen*[12] for lost profits resulting from negligent fouling of fishermen's nets which were full of fish. But it declined

---

[8]   143 F.Supp.2d 781, 783 (S.D. Tex. 2001).

[9]   *Sea-Land*, 134 F.3d at 155. *See also, Mays Towing Co., Inc. v. Universal Machinery Co., Inc.*, 755 F.Supp. 830, 834 (S.D.Ill. 1990)("this Court will not permit the plaintiff to circumvent East River and recover damages...on a failure to warn theory. Plaintiff is precluded from recovery for damages to the product itself under any products liability tort theory. This conclusion is logically derived from East River."); *Utah Intern., Inc. v. Caterpillar Tractor Co.*, 775 P.2d 741, 745 (N.M. Ct. App. 1989)(noting that "the same policy considerations which apply to defects in manufacturing also apply to failure to warn of defects" and concluding that "in commercial settings claims for economic loss from a product injuring itself due to negligent failure to warn are...precluded from recovery.").

[10]   77 F.3d 1135 (9th Cir. 1996).

[11]   *Id.*

[12]   501 F.2d 558 (9th Cir. 1974).

3

to extend the exception, noting that "by its own terms, *Union Oil* is limited to the environmental sphere" and "it can only be said to have carved out a unique exception" to the economic loss doctrine.[13] It concluded that "there is no claim in maritime tort for economic damages without actual physical injury."[14]

Mindful of the reluctance of the Ninth Circuit to grant exceptions to the economic loss doctrine, the Court concludes that the broad holding of *East River* forecloses the exception Plaintiff urges this Court to adopt. Since Plaintiff's claims are barred under the economic loss doctrine, Defendant's motion for summary judgment is hereby GRANTED.

In order to establish that it has raised a material issue of fact on the question whether the duty to warn exception applies under the facts of this case, Plaintiff included the affidavit of Robert Wilkison with its opposition to Defendant's summary judgment motion. In response, Defendant filed a motion to strike Mr. Wilkison's affidavit at Docket No. 31. Because the Court does not recognize the duty to warn exception to the economic loss doctrine, and has therefore granted summary judgment in favor of Defendant, Defendant's motion to strike is hereby DENIED as moot.

In conclusion Defendant's motion for summary judgment at Docket No. 23 is hereby GRANTED, and Defendant's motion to strike at Docket No. 31 is hereby DENIED as moot.

Dated at Anchorage, Alaska, this 15th day of November, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge

---

[13] 77 F.3d at 1138.

[14] *Id.*